# EXHIBIT 1

# EXHIBIT 1

Date: October 24, 2014

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE

-------------------------------------------------------------x

DOLLAR TREE STORES, INC.,

Plaintiff/Petitioner,

- against -                                    Index No. 810419/2014

WESTFIELD INSURANCE COMPANY, DENT
ENTERPRISES, INC., MARK SMUKALL et al

Defendant/Respondent.

-------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated: 9/23/2014

_Dianne C. Bresee_ (Signature)

Dianne C. Bresee _____ (Name)

O'Connor, O'Connor, Bresee & First (Firm Name)

20 Corporate Woods Boulevard (Address)

Albany, NY 12211

518-465-0400 _____ (Phone)

bresee@oobf.com _____ (E-Mail)

To:     Westfield Insurance Company

        DENT Enterprises, Inc.

        Mark and Diane Smukall

6/4/14

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 09/12/2014

STATE OF NEW YORK
SUPREME COURT       COUNTY OF ERIE

DOLLAR TREE STORES, INC.,

                        Plaintiff,

      v.

**WESTFIELD INSURANCE COMPANY,**
One Park Circle, PO Box 5001
Westfield Center, OH 44251-5001

**DENT ENTERPRISES, INC.,**
1161 East Clark Road, Suite 124-128
DeWitt, MI 48820

**MARK SMUKALL and DIANE SMUKALL,**
6494 Route 16 South
Franklinville, NY 14737

                    Defendants.

**SUMMONS**

Index No.: _810419/2014_

Date Filed: _9/12/2014_

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 7, 2014

O'CONNOR, O'CONNOR,
BRESEE & FIRST, P.C.

By:    DIANNE C. BRESEE, ESQ.
Attorneys for Plaintiff
Office & P.O. Address
20 Corporate Woods Boulevard
Albany, New York 12211
Phone: (518) 465-0400

Trial is desired in the County of Erie.

The basis of venue designated above is based plaintiff's place of business under CPLR § 503 (c).

STATE OF NEW YORK
SUPREME COURT       COUNTY OF ERIE

---

DOLLAR TREE STORES, INC.,

                   Plaintiff,

v.

WESTFIELD INSURANCE COMPANY,
DENT ENTERPRISES, INC., MARK SMUKALL
and DIANE SMUKALL,

                   Defendants.

**VERIFIED COMPLAINT**

Index No.: 810419/2014

Date Filed: 9/12/2014

---

     As and for its verified complaint, the plaintiff, Dollar Tree Stores, Inc. ("Dollar Tree"), by and through counsel, alleges the following upon information and belief:

### Nature of Action and Relief Sought

     1.    Dollar Tree seeks judgment declaring that defendant Westfield Insurance Company ("Westfield") is obligated to assume its defense and indemnification in a personal injury action as an additional insured under a policy issued by Westfield, and to reimburse Dollar Tree's past defense costs. Dollar Tree also seeks judgment against defendant, Dent Enterprises, Inc. ("Dentco"), for damages resulting from Dentco's breach of the insurance procurement and indemnification provisions of an agreement between Dollar Tree and Dentco.

### Parties

     2.    At all times mentioned herein, Dollar Tree was and is a corporation incorporated under the laws of the Commonwealth of Virginia doing business in the State of New York with a place of business (Store 01782) located at 3701 McKinley Parkway, Unit 1090, Hamburg, New York 14219.

3. Upon information and belief, at all times mentioned herein, Westfield is an insurance company organized and existing under the laws of the State of Ohio duly authorized to issue commercial liability insurance policies in the State of New York.

4. Upon information and belief, at all times mentioned herein Dentco was and is a foreign corporation organized and existing under the laws of the State of Michigan.

5. Upon information and belief, Dentco contracted with Dollar Tree to do business in New York at Dollar Tree's place of business located at 3710 McKinley Parkway, Hamburg, New York (the "Premises").

6. Upon information and belief, at all times mentioned herein, defendants, Mark Smukall and Diane Smukall, were and are residents of the Town of Franklinville, County of Cattaraugus, State of New York. Said defendants are named as defendants herein solely for notice purposes and to bind them to the determination herein. No relief is sought against said defendants.

### The Contracts

7. On or about May 1, 2008, Dentco, as "Provider," entered into a Service Agreement with Dollar Tree for grounds maintenance by Provider or Provider's subcontractors at Dollar Tree locations, including the Premises herein. A copy of the Agreement is attached as Exhibit A. The initial term of the Service Agreement was to April 30, 2010, however, by Amendment to the Service Agreement, the term of the Service Agreement was extended to April 30, 2011. See Amendment to Agreement attached as Exhibit B.

8. The Service Agreement provides at section 5.1 "INDEMNIFICATION BY PROVIDER," as follows:

> Except to the extent caused by Dollar Tree's negligence, Provider will indemnify and hold Dollar Tree, Dollar Tree's employees, contractors and

agents harmless from and against all loss, cost, expense, and liability (including Dollar Tree's cost of defending against the foregoing, such cost to include reasonable attorney's fees and cost [sic]) for damages to real or tangible personal property or for bodily injury or death to any person resulting or occurring by reason of Provider's performance of its obligations under this Agreement.

9.   The Service Agreement further provides at section 6.1 "INSURANCE TO BE CARRIED," as follows:

During the term of this Agreement, Provider shall maintain policy of (i) commercial general liability insurance, covering liability arising from premises operations, independent contractors, completed operations, personal injury and liability assumed under an insured contract, with limits of at least $1,000,000 per occurrence, and $2,000,000 aggregate . . . Such policy shall name Dollar Tree as an additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of at least Class VIII.

10.   Upon information and belief, on or about April 1, 2010, Dentco subsequently entered into a services subcontract with Steven M. Sailing, d/b/a B Sailing Site and Landscape Contractor, Inc. ("Sailing"), which included grounds maintenance and landscaping services at various Dollar Tree locations in western New York State.

11.   Upon information and belief, by amendment to the subcontract effective May 1, 2010, Dentco and Sailing agreed to add the Premises to the list of locations covered by the subcontract.

12.   Upon information and belief, pursuant to the subcontract and a Work Order Verification Form dated September 22, 2010, Dentco requested that Sailing perform certain work at the Premises, which included cutting sign posts and poles from previously removed handicap parking signs flush to the ground in the parking lot/sidewalk area near Panera Bread.

13.   Upon information and belief, some or all of this work was performed by Sailing on or before October 28, 2010.

## The Underlying Action

14.     Dollar Tree, Dentco and Sailing have been named in a personal injury action commenced by Mark and Diane Smukall pending in the Supreme Court, State of New York, County of Erie (the "Smukall Action"). A copy of the summons and complaint in the Smukall Action is attached as Exhibit C.

15.     In the Smukall Action, it is alleged that while at the Premises on October 28, 2010, plaintiff, Mark Smukall, tripped over a sign post anchor base and fell, allegedly suffering bodily injuries as a result.

16.     Plaintiffs in the Smukall Action further allege that the defendants were negligent in creating and/or allowing a dangerous and unsafe condition to exist on the Premises.

17.     Defendants have served answers in the Smukall Action, copies of which are attached as Exhibit D.

## The Policy

18.     Westfield issued a policy of commercial insurance to Dentco, policy number CMM 5275865, which was in effect from June 20, 2010 to June 20, 2011, which includes general liability insurance (the "Policy").

19.     Pursuant to endorsements to the Policy, Dollar Tree is named as an additional insured with regard to the general liability coverage provided by the Policy.

## As and for a First Cause of Action Against Dentco

20.     Dollar Tree repeats and realleges as if fully set forth herein paragraphs 1 though 19 of this complaint.

21.     Pursuant to the terms of the Service Agreement, Dentco is obligated to hold Dollar Tree harmless from and against all loss, cost, expense, and liability (including Dollar

Tree's cost of defending against the foregoing, such costs to include reasonable attorney's fees and costs) for the claims asserted in the Smukall Action.

22. Although Dollar Tree tendered its defense and indemnification to Dentco, Dentco has failed and refused to assume Dollar Tree's defense and indemnification in the Smukall Action.

23. Dentco has therefore breached its obligations under the Service Agreement.

24. Dentco is thus liable to Dollar Tree for defense costs incurred in the defense of the Smukall Action and further, is liable to Dollar Tree and bound to indemnify Dollar Tree in the event of a recovery herein by the plaintiffs in the Smukall Action.

### As and for a Second Cause of Action Against Dentco

25. Dollar Tree repeats and realleges as if fully set forth herein paragraphs 1 though 24 of this complaint.

26. Pursuant to the terms of the Service Agreement, Dentco was obligated to obtain general liability insurance covering liability arising from premises operations, independent contractors, completed operations, personal injury and liability assumed under an insured contract, with limits of at least $1,000,000 per occurrence, and $2,000,000 aggregate, and naming Dollar Tree as an additional insured.

27. Although Dollar Tree has duly tendered its defense and indemnification to Dentco's general liability insurer, Westfield, Westfield has failed and refused to assume Dollar Tree's defense and indemnification in the Smukall Action.

28. Dentco has therefore breached its duty to procure insurance for Dollar Tree as required by the Service Agreement.

29.     Dentco is thus liable to Dollar Tree for defense costs incurred in the defense of the Smukall Action and further, is liable to Dollar Tree and bound to indemnify Dollar Tree in the event of a recovery herein by the plaintiffs in the Smukall Action.

### As and for a Third Cause of Action Against Westfield for Declaratory Judgment

30.     Dollar Tree repeats and realleges as if fully set forth herein paragraphs 1 though 29 of this complaint.

31.     Pursuant to additional insured endorsements to the Policy, Dollar Tree is an additional insured on the Policy.

32.     Westfield is obligated under the terms of the Policy to defend Dollar Tree in the Smukall Action.

33.     Further, Westfield is obligated to indemnify Dollar Tree in the event of a recovery by plaintiffs in the Smukall Action.

34.     Although Dollar Tree has duly tendered the Smukall Action to Westfield for defense and indemnification, Westfield has failed and refused to assume Dollar Tree's defense and indemnification, in breach of its obligations under the Policy.

35.     Dollar Tree is entitled to judgment declaring that Westfield must assume its defense in the Smukall Action and to reimburse Dollar Tree for its past defense costs.

36.     Dollar Tree is entitled to judgment declaring that Westfield is obligated to indemnify Dollar Tree in the event of a recovery by plaintiffs in the Smukall Action.

37.     No prior request for the relief demanded herein has been made to any other court.

### As and for a Fourth Cause of Action Against Westfield for Breach of Contract

38.     Dollar Tree repeats and realleges as if fully set forth herein paragraphs 1 though 37 of this complaint.

39. Pursuant to additional insured endorsements to the Policy, Dollar Tree is an additional insured on the Policy.

40. Westfield is obligated under the terms of the Policy to defend Dollar Tree in the Smukall Action.

41. Further, Westfield is obligated to indemnify Dollar Tree in the event of a recovery by plaintiffs in the Smukall Action.

42. Although Dollar Tree has duly tendered the Smukall Action to Westfield for defense and indemnification, Westfield has failed and refused to assume Dollar Tree's defense and indemnification, in breach of its obligations under the Policy.

43. As the result of Westfield's breach of its duty to defend Dollar Tree, Dollar Tree has suffered and will continue to suffer damages, including the defense costs incurred in the defense of the Smukall Action.

44. Further, as the result of Westfield's breach of its obligation to indemnify Dollar Tree, Dollar Tree will suffer damages in the event of a recovery herein by the plaintiffs in the Smukall Action.

**WHEREFORE,** Dollar Tree demands judgment as follows:

1. On the first and second causes of action, judgment against Dentco for damages resulting from Dentco's breach of contract, together with attorneys' fees and the costs and disbursements of this action;

2. On the third cause of action against Westfield, for judgment declaring that Westfield is obligated to defend and indemnify Dollar Tree in the Smukall Action and that Westfield must reimburse Dollar Tree's past defense costs incurred in the Smukall action;

3. On the fourth cause of action judgment for damages resulting from Westfield's breach of its obligations under the Policy; and

4. Granting Dollar Tree attorneys' fees and the costs and disbursements of this action.

DATED:     September 4, 2014

O'CONNOR, O'CONNOR,
BRESEE & FIRST, P.C.

By:     DIANNE C. BRESEE, ESQ.
Attorneys for Plaintiff
20 Corporate Woods Boulevard
Albany, NY 12211
518.465.0400



## SERVICE AGREEMENT

THIS SERVICE AGREEMENT, ("Effective") as of May 1, 2008 by and between **DOLLAR TREE STORES, INC.**, a Virginia corporation, with its principal offices at 500 Volvo Parkway, Chesapeake, Virginia 23320 ("Dollar Tree"), and **DENT ENTERPRISES, INC., "DENTCO"** ("Provider") a ___Michigan___ corporation, with it's principal offices located at 1161 East Clark Rd., Suites 124-128, DeWitt, MI 48820

### Agreement

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the terms and conditions set forth below:

## 1.    GENERAL TERMS AND CONDITIONS

1.1    SCOPE. This Agreement shall apply to grounds maintenance services ("Services") as outlined in Exhibit A and provided by Provider or Provider's agents ("Subcontractors") for the benefit of Dollar Tree, at the locations listed on the attached Exhibit B. Dollar Tree may request additions or deletions to the locations listed from time to time, subject to the mutual written consent of the Parties.

1.2    TERM OF AGREEMENT. This Agreement shall be effective as of the Effective Date and shall continue in effect until April 30, 2010 ("Initial Term"). Any renewal after the Initial Term will be upon mutual written agreement of the Parties. Either party may terminate the Agreement by giving the other party at least thirty (30) days written notice.

1.3    ACCOUNT REPRESENTATIVE. Provider will assign a representative of Provider ("Primary Representative") as a designated point of contact that will be available at all times to manage the account. Provider's account representative must have a qualified backup ("Secondary Representative"), to assume responsibility when the Primary Representative is not available. The account representatives shall be responsible to, among other things: (i) respond to invoice inquiries by Dollar Tree; (ii) ensure that Provider responds within four (4) hours of any service inquiry initiated by Dollar Tree; and (iii) attend meetings or conference calls as reasonably scheduled by Dollar Tree .

## 2.    SERVICE TERMS AND CONDITIONS

2.1    PRICE. Dollar Tree's price for the services set forth in Exhibit B shall not change during the Initial Term. Provider may revise its list prices for the Services for any subsequent renewal, provided, however, that Provider agrees to give Dollar Tree sixty (60) days prior written notice of such list price changes.

CORPORATE HEADQUARTERS
500 Volvo Parkway   Chesapeake, Virginia 23320   Tel 757-321-5000   Fax 757-321-5292   www.dollartree.com

Confidential                              Page 1

## 3. SERVICE PROCEDURES

3.1 SERVICE. Dollar Tree, or its store managers, will contact Provider directly via Officetrax, a third-party web-based service employed by Dollar Tree, when service not outlined in Exhibit A is required. Provider will dispatch the work to an employee of Provider or a Subcontractor for a Dollar Tree location to perform needed services up to a predetermined dollar limit by service type as outlined in Exhibit A including any markup by Provider. If the work required is estimated to exceed the Predetermined Limit and Provider or one of its Subcontractors can complete the work while on site, Provider will submit a request for an increase in the Predetermined Limit via Officetrax or via phone to the Dollar Tree Store Repair Department. If Provider cannot complete the work while on site and the work will exceed the Predetermined Limit, Provider will submit a quote via Officetrax to the Dollar Tree Store Repair Department for approval. Subcontractors shall report the resolution of all service calls to Provider daily and Provider shall update the information in Officetrax at least daily. An experienced service manager employed by Provider shall examine each time and material invoice in detail to check for appropriate action, pricing and quantity of labor required. Invoices shall be submitted to Dollar Tree Stores, Inc. through Officetrax. Evidence of completed work will be obtained via a close out number issued by the store manager or a store associate. Provider and any Subcontractors shall be capable of providing emergency service after normal business hours and on weekends. Provider will maintain a complete service history of each location serviced.

## 4. PAYMENT TERMS

4.1 INVOICING. Dollar Tree will pay all non-disputed invoices within thirty (30) calendar days from the receipt of the invoice.

4.2 LATE INVOICES. Any invoices received later than one hundred twenty (120) days after work completed will not be paid.

4.3 ACCRUAL REPORTING. An accrual report, listing all work orders completed during the month but which have not yet been billed, shall be submitted to Dollar Tree no later than the last Thursday of each month if necessary.

4.4 AGING REPORTS. A monthly aging report, listing any invoices submitted to Dollar Tree more than sixty (60) days earlier and not yet paid, will be submitted to Dollar Tree on the first business day of each month.

## 5. Indemnification Against Third Party Cause of Action

5.1 INDEMNIFICATION BY PROVIDER. Except to the extent caused by Dollar Tree's negligence, Provider will indemnify and hold Dollar Tree, Dollar Tree's employees, contractors and agents harmless from and against all loss, cost, expense, and liability (including Dollar Tree's cost of defending against the foregoing, such cost to include reasonable attorney's fees and cost) for damages to real or tangible personal property or for bodily injury or death to any person

resulting or occurring by reason of Provider's performance of its obligation under this Agreement.

5.2    INDEMNIFICATION BY DOLLAR TREE. Except to the extent caused by Provider's negligence, Dollar Tree will indemnify and hold Provider, Provider's employees, contractors and agents harmless from and against all loss, cost, expense, and liability (including Provider's cost of defending against the foregoing, such cost to include reasonable attorney's fees and costs) for damages to real or tangible personal property or for bodily injury or death to any person resulting or occurring by reason of Dollar Tree's performance of it's obligation under this Agreement.

## 6.    INSURANCE

6.1    INSURANCE TO BE CARRIED. During the Term of this Agreement, Provider shall maintain a policy of (i) commercial general liability insurance, covering liability arising from premises, operations, independent contractors, completed operations, personal injury and liability assumed under an insured contract, with limits of at least Liability Policy that has limits of at least $1,000,000 per occurrence, and $2,000,000 aggregate (ii) Workers Compensation of at least $500,000; and (iv) Auto Liability Coverage of at least $1,000,000. Such policy shall name Dollar Tree as an additional insured and shall be underwritten by an insurance carrier authorized to do business in the United States and having a rating of "A-" or better by A.M. Best Company and a Financial Size Category rating of a least Class VIII.

6.2    CERTIFICATE OF INSURANCE. A certificate of insurance evidencing the required coverage shall be provided to Dollar Tree at the address set forth below prior to the first delivery of Services hereunder, annually thereafter, and upon reasonable request. All certificates shall provide for at least thirty (30) days written notice prior to cancellation of any insurance referred to herein.

> Dollar Tree Stores, Inc.
> 500 Volvo Drive
> Chesapeake, VA 23320
> Attention: Lynn Harnishfeger, Manager Store Repairs

## 7.    MISCELLANEOUS

7.1    CONFIDENTIALITY. During the course of performance of this Agreement, a party and/or its affiliates (the "Disclosing Party") may share with the other party (the "Receiving Party") certain documents and information, including, but not limited to, information pertaining to customers, products, business practices, schedules, services, methods, data, processes, advertising plans, sales, financial information and operating procedures which the Disclosing Party considers to be, and treats as, confidential ("Confidential Information"), whether or not specifically identified as such. The Receiving Party shall maintain the Disclosing Party's Confidential Information in confidence, shall protect it with the same degree of care which it uses to protect its own Confidential Information (which shall be not less than reasonable care), shall not disclose it to any third party and shall use it for the sole purpose of performing under this Agreement. At the conclusion of the Agreement, the Receiving Party shall either return the Disclosing Party's Confidential Information in its possession (including all copies) or shall, at the Disclosing Party's direction, destroy the Receiving Party's Confidential Information (including all copies) and certify its destruction to the Disclosing Party. For purposes of this Section, the term

Confidential                                                    Page 3

"Confidential Information" shall not include any information which: (a) is in the public domain at the time of disclosure or enters the public domain following disclosure through no fault of the Receiving Party; (b) the Receiving Party can demonstrate was already in its possession prior to disclosure hereunder or is subsequently disclosed to the Receiving Party with no obligation of confidentiality by a third party having the right to disclose it; or (c) is independently developed by the receiving party without reference to the Disclosing Party's Confidential Information, provided that the Receiving Party can clearly demonstrate such independent development through contemporaneous records showing such development. The Receiving Party may disclose the Disclosing Party's Confidential Information upon the order of any court of competent jurisdiction or as otherwise required by law or legal process, provided that prior to such disclosure the Receiving Party shall inform the Disclosing Party of such order if permitted by law, in order to provide the Disclosing Party with an opportunity to contest such order or to seek such other protective action as the Disclosing Party may elect. Neither party shall issue any press release regarding this Agreement or the relationship of the parties hereunder without the other party's prior written approval. In the event of a violation of the terms of this Section 12.2, because of the unique nature of the Confidential Information, the Disclosing Party would suffer irreparable harm, and money damages and other remedies at law available in the event of a breach or a threatened breach would not be adequate to compensate for the harm caused by the breach or the threatened breach. Accordingly, in addition to any other remedies it may have hereunder or at law or in equity, the Disclosing Party shall have the right to obtain injunctive relief for violation of the terms of this Section. The terms of this Section shall survive the termination of this Agreement, regardless of the reason for termination.

7.2     NOTICES. Unless otherwise specifically provided for in this Agreement, any notice, demand or other communication required shall be in writing and shall be sent to the address given below of the party to be notified, unless such party has previously notified the other of a change of address, in which case the notice shall be sent to such changed address:

If to Dollar Tree:

Lynn Harnishfeger, Manager Store Repairs
Dollar Tree Stores, Inc.
500 Volvo Parkway
Chesapeake, VA 23320

With a copy to:
John Cote, Vice President Corporate Counsel
Dollar Tree Stores, Inc.
500 Volvo Parkway
Chesapeake, VA 23320

If to Provider:
Kevin Dent, CEO
Dent Enterprises, Inc.
1161 East Clark Rd
DeWitt , MI 48820

Such notice shall be dispatched by prepaid registered or certified United States mail, return receipt requested, or via any national overnight mail service, and shall be deemed to have been duly given upon receipt or rejection by Addressee.

7.3 PUBLICITY; IDENTIFICATION. Supplier shall not, without Dollar Tree's prior written consent, engage in publicity related to this Agreement, or make public use of any Identification in any circumstances related to this Agreement. "Identification" means any semblance of any trade name, trademark, service mark, insignia, symbol, logo, or any other designation or drawing of Dollar Tree or its affiliates. To the extent applicable, Supplier shall remove or obliterate any Identification prior to any use or disposition of any Product rejected or not purchased by Dollar Tree.

7.4 COMPLIANCE WITH LAWS. Each Party shall comply at its own expense with all applicable laws, ordinances, regulations and codes, (including any pertaining to the environment, safety or health) including the identification and procurement of required permits, certificates, licenses, insurance, approvals and inspections in performance of this Agreement. Provider shall be solely responsible for any taxes, duties or other payments due with regard to compliance with such applicable laws.

7.5 FORCE MAJEURE. Neither Party shall be held responsible for any delay or failure in performance of any part of this Agreement to the extent such delay or failure is caused by fire, flood, strike, civil, governmental or military authority, act of God, or other similar causes beyond its control and without the fault or negligence of the delayed or non-performing party or its subcontractors ("Force Majeure Event"). If either Party is unable to perform its obligations under this Agreement due to a Force Majeure Event, that Party is responsible to promptly give written notice to the other Party of its inability to perform and the steps it plans to take to rectify such inability. The Parties shall be obligated to use their best efforts to continue to perform pursuant to the terms of this Agreement. In the event that Supplier is unable to perform within thirty (30) days of a Force Majeure Event, Dollar Tree shall have the right to cancel any Purchase Order or other order for Product, or terminate this Agreement.

7.6 AMENDMENT AND MODIFICATION. Any amendment or modification of this Agreement must be in writing and signed by authorized representatives of both Dollar Tree and Provider. No amendment, modification or release from any provision hereof shall be of any force or effect unless it is in writing, signed by the party to be bound thereby, and specifically refers to this Agreement.

7.7 ASSIGNMENT. Neither Party shall assign any right or interest under this Agreement without the prior written consent of the other Party, such consent not to be unreasonably withheld or delayed. Notwithstanding the foregoing, either Party may assign this Agreement without obtaining such consent (i) to a successor in interest in the event of a merger, acquisition, change of control, reorganization, or sale of all or substantially all of the assets of the assignor; or (ii) to a subsidiary or affiliate of the assignor, in whole or in part. Any attempted assignment in violation of this Section 12.8 shall be null and void.

7.8 **PROVIDER'S SUBCONTRACTORS.** Supplier shall be responsible to Dollar Tree for all performance or other activities by any of Supplier's subcontractors performing services in furtherance of Supplier's obligations hereunder.

7.9 **TAXES** Dollar Tree shall pay Provider only for applicable state and local sales and use tax payment with respect to transactions under this Agreement unless Dollar Tree advises Provider than an exemption applies with respect to state and local sales and use taxes, as applicable. Taxes payable by Dollar Tree shall be billed as separate items on Provider's invoices and shall not be included in Provider's prices.

7.10 **CHOICE OF LAW AND EXCLUSIVE JURISDICTION AND VENUE.** This Agreement and all transactions under it shall be governed by the laws of the Commonwealth of Virginia excluding its choice of law rules. In addition both Parties agree that sole and exclusive jurisdiction and venue in respect to any matter or dispute related to this agreement or otherwise shall lie in the state courts of the Commonwealth of Virginia located in Chesapeake, Virginia or the United States District Court for the Eastern District of Virginia.

7.11 **SEVERABILITY.** If any of the provisions of this Agreement shall be invalid or unenforceable, such invalidity or unenforceability shall not invalidate or render unenforceable the entire Agreement, but rather the entire Agreement shall be construed as if not containing the particular invalid or unenforceable provision or provisions, and the rights and obligations of Supplier and Dollar Tree shall be construed and enforced accordingly.

7.14 **SECTION HEADINGS.** The headings of the Sections in this Agreement are inserted for convenience only and are not intended to affect the meaning or interpretation of this Agreement.

7.15 **WAIVER.** No waiver of any obligation of either Party under this Agreement shall be effective unless it is in writing and signed by both Parties. The failure of either Party at any time to enforce any right or remedy available to it under this Agreement or otherwise with respect to any breach or failure by the other Party shall not be construed to be a waiver of such right or remedy with respect to any other breach or failure by the other Party.

7.16 **RECORDS.** Provider shall maintain complete and accurate records of all amounts billable to and payments made by Dollar Tree hereunder, in accordance with generally accepted accounting practices. Provider shall retain such records for a period of three (3) years from the date of invoice for the services covered by this Agreement. Provider agrees to provide supporting documentation concerning any disputed amount or invoice to Dollar Tree within thirty (30) days after Dollar Tree provides written notice of the dispute to Provider.

7.17 **RELATIONSHIP OF THE PARTIES.** The relationship of the Parties under this Agreement shall be and at all times remain one of independent contractors and not principal and agent, employer and employee, franchiser and franchisee, partners or joint ventures. Neither Party shall have the authority to assume or create obligations on behalf of the other Party. Each Party shall employ its own personnel and contractors and shall be solely responsible for their acts and be responsible for payment of all unemployment, Social Security, and other payroll taxes, including contributions required by law.

7.18 **ATTORNEY FEES.** Unless provided elsewhere herein to the contrary, in the event of any legal proceeding arising out of the dispute among the parties with regard to any default, breach or any other matter regarding the provisions of the Agreement, the prevailing party shall be entitled to an award of its reasonable attorney's fees and the court cost from the non-prevailing party.

7.19    WAVIER OF TRIAL BY JURY.  The Provider acknowledges that the right to trial by jury is a constitutional one, but that it may be waived.  Each party, after consulting (or having had the opportunity to consult) with counsel of their choice, knowingly and voluntarily, and for the mutual benefit, waive any right to trial by jury in the event of litigation regarding this Agreement and all exhibits attached to and incorporated by reference herein, or otherwise.

7.20    SURVIAL.  The Terms of Section 5 shall survive the termination of this Agreement.

7.21    ENTIRE AGREEMENT.  This Agreement, including all appendices referenced herein and attached hereto, shall constitute the entire agreement between the Parties with respect to the subject matter of this Agreement and shall not be modified or rescinded, except by a writing signed by Provider and Dollar Tree.

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed in duplicate, each to have the full force and effect of an original, by its duly authorized representatives on the respective dates entered below.

DOLLAR TREE STORES INC

By: _____

Name: Bruce Walters

Title: VP Real Estate & Construction

Date: 5/1/08

By: _____

Name: Kevin Dent

Title: CEC

Date: 4.22/05

# INDEX TO EXHIBITS

EXHIBIT                                                    DESCRIPTION

A                                                          Specifications

B                                                          Properties and Pricing Information

C                                                          Provider's Evidence of Insurance

## DOLLAR TREE
## POWER SWEEPING SPECIFICATIONS
## EXHIBIT A

### 1.    Sweeping

Entire paved area surrounding the location including all driveways, walkways, sidewalks, gutters, drains entrances, exits, service ways, and delivery areas.

- All litter and other debris must be removed from the paved area including the gutters.
- Parking and driveway areas must be cleaned with power blowing equipment.
- Sidewalk and other areas must be cleaned with power blowing equipment.
- Under no circumstances should any sweepings, litter, or other matter be deposited or left on public, private, or otherwise adjoining property such as streets, sidewalks or other stores surrounding the locations.
- All material collected in the course of cleaning must be removed and disposed of in accordance with EPA guidelines.
- No equipment, chemicals, or materials may be placed, stored or remain on property at any time that work is not actually being performed.

# DOLLAR TREE
## LANDSCAPE MAINTENANCE SPECIFICATIONS
## EXHIBIT A

### 1.     Lawn Mowing

The mowing of all lawn areas weekly or as required; trimming around curbs, lights, sidewalks, etc., blowing all paved areas free of clippings, picking-up and removal of litter or debris from landscaped areas when service is performed; the weeding of the landscape beds.

### 2.     Shrubbery Pruning

The pruning of landscape shrubs up to 12 feet in height as required to provide for a formal shaping and for the health of the plant; this would include all yews in lawn areas as well as those shrubs located in landscape beds; this pruning would be performed twice during the season, (approximately mid-June and early September) as weather and growing conditions dictate; all refuse will be cleaned, removed, and discarded off site.

### 3.     Tree and Brush Cutting

The cutting of all trees or brush up to 12 feet in height which may encroach the parking lot areas, reduce visibility to the center, and the removal of all limbs within close contact to the building; clean up and removal of all debris; this will be performed once during the season (month of July) unless requested otherwise.

### 4.     Fertilizer/ Weed Killer Applications

Provide for a combination "weed & feed" application to all lawn areas in the Spring (May) to promote healthy turf and prevent broadleaf weeds within the turf; provide for a fall fertilization of all lawn areas for winterization purposes; no other applications will be performed without warrant or approval.

### 5.     Mulching

All trees and shrub beds will be prepared and mulched to a depth of 1.5 to 2 inches once a year, each and every spring, with a top quality mulch. Bed preparation shall include removing all weeds, cultivating existing mulch into the soil, and edging and applying a pre-emergent herbicide. Mulch in excess of 2 inches will be removed from bed areas. Special care shall be taken in the mulching operation not to over mulch or cover base of trees or shrubs, which could be detrimental to the health of plants.

### 6.     Irrigation System

Provide system check of the irrigation system in the spring of each year to insure that all sprinkler heads are operating at maximum capacity and providing adequate coverage. Provide shut down of the irrigation system in the fall, draining all water from the pipes to avoid any freezing and resultant breaking of the pipes over the winter.

### 7.     Spring Clean up

In climates which require, a spring clean up will be performed once. Clean up will include, pruning any dead or diseased branches from trees and/or shrubs caused from "winter kill", collecting any litter, debris or broken branches/sticks and disposing of off site, turning of the organic mulch beds and general leaf clean up to bring landscaped areas to a manageable location for the season.

### 8.     Fall Clean up

In climates which require, a fall clean up will be performed on an ongoing basis during the fall "de-leafing" process. Clean up will include cleaning out any litter, debris or broken branches/sticks from any landscaped areas along with all dropped leaves and disposal off site.

| Geoloc | Store Number | Address | City | Annual Sweeping Budget Less 1x Per | Sales Tax | Total Sweeping Budget | Monthly Sweeping Budget | No. of Months | Freq. | Winter Sweeping Budget | Sales Tax | Total Winter Sweeping Budget | Monthly Winter Sweeping Budget | No. of Months | Freq. | Total with Reduced Frequency | Total Sales Tax | Total Sweeping Budget |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GA0051DT | -51 | 1801 Norman Drive | Valdosta | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| IM0017DT | -79 | 5500 12 Mile Road | Warren | $1,920.00 | $0.00 | $1,920.00 | $160.00 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| AL0134DT | -96 | 1819 Dawson Rd | Albany | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| AL0134DT | -154 | 1312 Montgomery Hwy | Murfreesboro | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| MO0185DT | -185 | 1941 Grand River Avenue | Okemos | $1,926.00 | $0.00 | $1,926.00 | $160.50 | 12 | Weekly | | | | | | | $1,926.00 | $0.00 | $1,926.00 |
| SC0239DT | -230 | 2374 Drive Live Blvd. | Rock Hill | $1,920.00 | $0.00 | $1,920.00 | $160.00 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| OH0243DT | -243 | 1674 Monroe St | Sylvania | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,926.00 |
| VA0249DT | -249 | Per of Hopewell Rd & Fairdale Ave | Roanoke | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,932.00 |
| FL0270DT | -270 | 190 Mary Esther Blvd | Mary Esther | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,926.00 | $0.00 | $1,932.00 |
| FL0314DT | -314 | 841 W 23rd | Panama City | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| OA0370DT | -370 | 1997 Scenic Hwy | Snellville | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| AR0396DT | -396 | 4254 Central Ave | Hot Springs | $1,932.00 | $154.56 | $2,009.28 | $157.44 | 12 | Weekly | | | | | | | $1,932.00 | $154.56 | $2,009.00 |
| VA0416DT | -416 | 3200 Nicholas Rd | Glen Allen | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $2,008.80 |
| TX0456DT | -456 | 5404 Broadway | Pearland | $1,932.00 | $159.39 | $1,932.70 | $161.24 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| KS0490DT | -490 | 5502 Fry Rd | Katy | $1,812.00 | $149.49 | $1,888.75 | $157.23 | 12 | Weekly | | | | | | | $1,932.00 | $159.39 | $2,091.39 |
| FL0581DT | -591 | 1902 Faraday Dogie Dr | New Bern | $3,856.00 | $0.00 | $3,856.00 | $221.33 | 12 | 2 / week | | | | | | | $1,812.00 | $149.49 | $1,961.49 |
| MO0587DT | -655 | 6821 Pine Ridge Rd | Zephyrhills | $1,920.00 | $0.00 | $1,920.00 | $161.00 | 12 | Weekly | | | | | | | $1,860.00 | $0.00 | $3,856.00 |
| MO0587DT | -587 | 1210 South Main Street | Steerston | $1,932.00 | $0.00 | $5,747.00 | $182.25 | 12 | 3 / week | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| OH0609DT | -609 | 1925 W Laskey Rd | Toledo | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $5,747.00 | $0.00 | $5,747.00 |
| OH0660DT | -665 | West 9185 & US Hwy 27/41 | Mountain | $1,920.00 | $0.00 | $1,928.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| IL0106DT | -1006 | 3737 Broadway St | Quincy | $1,632.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| MI0109DT | -1102 | 1335 Massa Blvd | Hagerstown | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| TX1102DT | -1102 | 329 Miller Rd | San Antonio | $1,920.00 | $0.00 | $1,920.00 | $160.50 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,932.00 |
| TX1120DT | -1120 | 1851 N. Town E. | Mesquite | $1,812.00 | $149.49 | $1,811.43 | $146.40 | 12 | Weekly | | | | | | | $1,812.00 | $0.00 | $1,920.00 |
| LA1182DT | -1182 | 2100 Louisville Ave | Monroe | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,812.00 | $149.49 | $1,961.49 |
| TX1249DT | -1257 | 1341 Broadway Blvd | Garland | $3,852.00 | $308.72 | $3,883.54 | $321.33 | 12 | 2 / week | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| CA1224DT | -1224 | 450 Keystone Ave | North Hancola | $3,685.00 | $0.00 | $3,686.00 | $321.23 | 12 | 2 / week | | | | | | | $1,928.00 | $308.72 | $4,191.22 |
| NV1317DT | -1257 | 2445 International Blvd | Reno | $3,856.00 | $0.00 | $3,656.00 | $214.40 | 12 | 4 / week | | | | | | | $3,856.00 | $0.00 | $3,856.00 |
| CA1359DT | -1259 | 3011 N. Main St | Oakland | $6,172.80 | $0.00 | $6,172.80 | $167.79 | 12 | 4 / week | | | | | | | $6,172.80 | $0.00 | $6,172.80 |
| NC1516DT | -1514 | 722 SW Military Dr | Hope Mills | $3,856.00 | $0.00 | $3,856.00 | $321.33 | 12 | 2 / week | | | | | | | $3,856.00 | $0.00 | $3,856.45 |
| NC1576DT | -1578 | 2861 University Blvd W | Jacksonville | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $3,856.00 | $0.00 | $3,856.00 |
| TX1592DT | -1592 | 285 SW Pic Dr E | Farmersville | $3,844.00 | $254.00 | $3,831.10 | $319.26 | 12 | 2 / week | | | | | | | $1,812.00 | $147.23 | $1,959.23 |
| NJ1645DT | -1556 | 2620 Cottman Ave | Philadelphia | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | $471.00 | $0.00 | $471.00 | $157.00 | 3 | Weekly | $3,640.00 | $294.80 | $3,924.80 |
| PA1651DT | -1651 | 2499 Northampton St | Easton | $5,920.00 | $0.00 | $5,920.00 | $160.00 | 12 | Weekly | | | | | | | $6,362.20 | $0.00 | $6,362.20 |
| MO1690DT | -1869 | 7419 Ritchie Hwy | Glen Burnie | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| PA1674DT | -1674 | 3912 Union Deposit Rd | Harrisburg | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| MO1740DT | -1748 | 3517 S Kingshighway | St. Louis | $1,920.00 | $0.00 | $1,920.00 | $165.00 | 12 | Weekly | | | | | | | $1,990.00 | $0.00 | $1,990.00 |
| VA1760DT | -1740 | 13121 Lee Hwy | Bristol | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $3,856.00 | $0.00 | $3,856.00 |
| NY1742DT | -1742 | 3101 McMillan Parkway | Buffalo | $1,980.00 | $172.25 | $2,113.25 | $179.44 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| FL1805DT | -1805 | 155-D Sunshine State Blvd | Panama City | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,980.00 | $173.25 | $2,153.25 |
| CA1827DT | -1827 | 1647 N. McKinley | Santa Maria | $5,787.00 | $0.00 | $5,787.00 | $161.00 | 12 | 3 / week | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| MI1831DT | -1833 | 10830 Warren Rd | Dearborn | $2,994.00 | $0.00 | $2,994.00 | $332.47 | 9 | 2 / week | $408.00 | $0.00 | $408.00 | | 3 | | $5,787.00 | $0.00 | $5,787.00 |
| CA1834DT | -1834 | 607 Northvale Dr | Statesboro | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $3,402.00 | $0.00 | $3,402.00 |
| KS1654DT | -1654 | 1321 Joe Ramsey Blvd | Ennis | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| NY1860DT | -1860 | 339 Fairview Ave | Wichita | $1,932.00 | $0.00 | $1,932.00 | $151.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| MO1874DT | -1874 | 2031 S Hanner Blvd | Sanford | $1,828.00 | $148.80 | $2,208.80 | $184.40 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| MI1917DT | -1917 | 21000 Graco Ave | Eastpointe | $1,920.00 | $0.00 | $1,920.00 | $160.50 | 12 | Weekly | | | | | | | $1,828.00 | $148.80 | $2,008.80 |
| PA1913DT | -1913 | 8929 NE Slate | Osmoto | $1,860.00 | $148.80 | $2,008.80 | $167.40 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| MR2164DT | -2154 | 6746 NW Cache Rd | Lawton | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| NC2170DT | -1939 | 1571 S Edania Ave | Eufaula | $1,932.00 | $0.00 | $1,932.00 | $180.00 | 12 | Weekly | | | | | | | $1,860.00 | $148.80 | $2,008.80 |
| NC2171DT | -1940 | 218 Byars Ave | Bryant | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| FL2172DT | -2172 | 3615 Berry Fields Rd | Geneva | $1,860.00 | $132.53 | $1,992.53 | $166.04 | 12 | Weekly | | | | | | | $3,372.00 | $0.00 | $3,372.00 |
| CA2195DT | -2143 | 2812 Fremont Blvd | Seaside | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| NS2203DT | -2203 | 5889 Hwy 49 | Hattiesburg | $1,932.00 | $0.00 | $1,932.00 | $161.00 | 12 | Weekly | | | | | | | $1,812.00 | $148.48 | $1,961.49 |
| OK2212DT | -2212 | 1901 S Telephone Rd | Moore | $1,928.00 | $0.00 | $1,928.00 | $160.50 | 12 | Weekly | | | | | | | $1,932.00 | $0.00 | $1,932.00 |
| PA2230DT | -2230 | 39 N. Lansdowne Ave Ste 45 | Lansdowne | $1,980.00 | $0.00 | $1,980.00 | $165.00 | 12 | Weekly | | | | | | | $3,852.00 | $0.00 | $3,652.00 |
| MI2351DT | -2154 | 8129 Michigan Ave | Detroit | $1,980.00 | $0.00 | $1,980.00 | $165.00 | 12 | Weekly | | | | | | | $1,928.00 | $0.00 | $1,928.00 |
| OH2350DT | -2353 | 5555 N Dixie Dr | Moorhead City | $1,980.00 | $0.00 | $1,980.00 | $180.00 | 12 | Weekly | | | | | | | $1,980.00 | $0.00 | $1,980.00 |
| TX2356DT | -2315 | 4312 W Loop 250 N | McCloud | $548.00 | $78.21 | $587.11 | $82.26 | 12 | biWeekly | | | | | | | $3,856.00 | $0.00 | $3,856.00 |
| | | | | | | | | | | | | | | | | $548.00 | $78.21 | $1,026.21 |

Sweeping Schedule Time
2008-2009 Planning (w/ winter)

| Geoloc | Store Number | Address | City | Annual Sweeping Budget Less Per Week | Sales Tax | Total Sweeping Budget | Monthly Sweeping Budget | No. of Months | Freq. | Winter Sweeping Budget | Sales Tax | Total Winter Sweeping Budget | Monthly Winter Sweeping Budget | No. of Months | Freq. | Total with Reduced Frequency | Total Sales Tax | Total Sweeping Budget |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MI2350GT | 2305 | 10313 Pelham Rd | Allen Park | $1,920.00 | $0.00 | $1,920.00 | $160.00 | 12 | Weekly | | | | | | | $1,920.00 | $0.00 | $1,920.00 |
| MI2344DT | 2344 | 26439 Michigan Ave | Inkster | $2,994.00 | $0.00 | $2,994.00 | $332.67 | 9 | 2 / week | $408.00 | $0.00 | $408.00 | $136.00 | | Weekly | $3,402.00 | $0.00 | $3,402.00 |
| NJ2340DT | 2397 | W. 772 Hob Hill Blvd | Yakima | $11,812.00 | $148.58 | $11,960.58 | $193.38 | 12 | Weekly | | | | | | | $11,812.00 | $148.58 | $11,960.58 |
| TX2408DT | 2400 | 5636 S Mills Ave Hwy Pix | Spokane | $11,928.00 | $134.82 | $12,062.82 | $177.74 | 12 | Weekly | | | | | | | $11,928.00 | $134.82 | $12,060.82 |
| CA2430DT | 2408 | 7812 Wexley St | Greenville | $13,632.00 | $0.00 | $13,632.00 | $194.40 | 12 | Weekly | | | | | | | $13,632.00 | $134.82 | $12,060.82 |
| TX2452DT | 2430 | 844 S. Tucker Rd | Tehachapi | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | 2 / week | | | | | | | $11,872.00 | $154.44 | $12,026.44 |
| OR2472DT | 2452 | 5310 Slide Rd | Lubbock | $13,632.00 | $299.44 | $13,656.73 | $321.39 | 12 | 2 / week | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| WA2481DT | 2472 | 1907 Opis Hwy 101 | Florence | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $13,632.00 | $0.00 | $2,931.64 |
| WA2487DT | 2481 | 1551 Southeast Blvd #A | Edina | $13,632.00 | $143.15 | $13,883.15 | $156.96 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| MI2531DT | 2487 | 31014 Pacific Hwy S | Federal Way | $13,624.00 | $326.18 | $13,865.90 | $332.18 | 12 | 2 / week | | | | | | | $11,812.00 | $143.15 | $1,955.15 |
| LA2542DT | 2531 | 2143 Lakeline Blvd | Jacksonville | $13,856.00 | $0.00 | $13,856.00 | $321.33 | 12 | 2 / week | | | | | | | $13,624.00 | $326.16 | $3,956.15 |
| MM2561DT | 2542 | 9015 Fargo St | Echeta | $11,920.00 | $0.00 | $11,920.00 | $161.00 | 12 | Weekly | | | | | | | $13,856.00 | $0.00 | $3,856.00 |
| PA2568DT | 2561 | 3801 N. Prince St | Puntarulavany | $11,920.00 | $0.00 | $11,920.00 | $150.00 | 12 | 2 / week | | | | | | | $11,920.00 | $0.00 | $1,920.00 |
| MC2586DT | 2568 | RI 436 & US 118 | Greenville | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $3,856.00 | $0.00 | $3,856.00 |
| CA3490DT | 2586 | 2051 Central Park Dr | Fresno | $11,928.00 | $0.00 | $11,928.00 | $160.59 | 12 | Weekly | | | | | | | $11,920.00 | $0.00 | $1,920.00 |
| ID2614DT | 2604 | 140 Ore Ave | Cheyenne | $11,928.00 | $0.00 | $11,928.00 | $160.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| UT2620DT | 2614 | 4752 Yellowstone Ave | Salt Lake City | $11,928.00 | $0.00 | $11,926.00 | $160.50 | 12 | Weekly | | | | | | | $11,926.00 | $0.00 | $1,926.00 |
| OR2712DT | 2670 | 812 E. 250 S. | Eugene | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| MN2755DT | 2712 | 3600 W 11th Ave | Stillwater | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,926.00 | $0.00 | $1,926.00 |
| WA2743DT | 2745 | 198 N. Perkins Rd | Stillwater | $11,932.00 | $50.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CT2776DT | 2755 | 25960 Muda Center Rd | Woodbridge | $13,635.00 | $50.00 | $13,685.67 | $321.32 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA2782DT | 2776 | 1319 Main St | Willmantiate | $11,818.00 | $109.08 | $11,927.08 | $155.59 | 12 | Weekly | | | | | | | $11,812.99 | $143.15 | $1,955.15 |
| CA2820DT | 2782 | 314 El Camino Real | Belmont | $12,892.00 | $0.00 | $12,892.00 | $241.00 | 12 | Weekly | | | | | | | $11,818.00 | $109.08 | $1,927.08 |
| MI2880DT | 2890 | 1950 Sheridan Legion Blvd | Mountain Home | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $12,892.00 | $0.00 | $2,892.00 |
| SC2912DT | 2912 | 2091 Rosewood Dr. | Columbia | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| NY2917DT | 2947 | 3138 Erie Blvd E. | Syracuse | $11,896.00 | $151.88 | $12,047.48 | $170.84 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| MT3041DT | 2920 | 1071 10th Ave South | Great Falls | $11,928.00 | $0.00 | $11,928.00 | $160.50 | 12 | Weekly | | | | | | | $11,896.00 | $151.56 | $2,047.56 |
| WA3020DT | 3020 | 345 S.E. Ridge Rd | Pottsville | $11,588.10 | $0.00 | $11,588.10 | $157.34 | 12 | Weekly | | | | | | | $11,884.00 | $0.00 | $1,926.00 |
| IN3936DT-F | 3036 | 6302 East 82nd St | Indianapolis | $12,412.00 | $0.00 | $12,412.00 | $201.00 | 12 | Weekly | | | | | | | $11,812.00 | $192.21 | $1,964.21 |
| MI3037DT-F | 3037 | 2310 Allen Rd | Woodhaven | $12,472.00 | $0.00 | $12,472.00 | $206.00 | 12 | Weekly | | | | | | | $12,412.00 | $0.00 | $2,412.00 |
| MI3030DT-F | 3038 | 22600 Coolidge Hwy. | Oak Park | $12,472.00 | $0.00 | $12,472.00 | $206.00 | 12 | Weekly | | | | | | | $12,472.00 | $0.00 | $2,472.00 |
| MO3040DT-F | 3040 | 1540 S. Range Ave | Denison | $12,210.00 | $0.00 | $12,210.00 | $201.00 | 12 | Weekly | | | | | | | $12,472.00 | $0.00 | $2,472.00 |
| NY3042DT-F | 3042 | 3767 Hempstead Tmpk | Levittown | $13,994.00 | $293.73 | $13,197.67 | $264.41 | 12 | Weekly | | | $443.19 | | $443.19 | $147.73 | 3 | Weekly | $12,412.00 | $0.00 | $2,412.00 |
| NY3043DT | 3043 | 167 N. Service Rd | Patchogue | $13,994.00 | $258.73 | $13,197.67 | $254.19 | 9 | 2 / week | | | $510.00 | | $510.00 | $170.00 | 3 | Weekly | $12,300.00 | $204.41 | $2,574.41 |
| MI3048DT-F | 3043 | 3860 Washtenaw Ave | Ann Arbor | $12,472.00 | $0.00 | $12,472.00 | $206.00 | 12 | Weekly | | | | | | | $12,402.00 | $293.42 | $3,596.42 |
| MA3045DT | 2045 | 1557 S.E. Ridge Ave | Mentor | $13,238.00 | $0.00 | $13,238.00 | $275.83 | 12 | 2 / week | | | | | | | $12,472.00 | $0.00 | $2,472.00 |
| FL3121DT | 3095 | 789 Lyonway | Lynn | $11,932.00 | $0.00 | $11,932.00 | $415.33 | 9 | 2 / week | $510.00 | $0.00 | $510.00 | $170.00 | 3 | Weekly | $4,248.00 | $0.00 | $2,472.00 |
| PA3160DT | 3121 | 611 North Fenton Blvd | Crestview | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,920.00 | $0.00 | $1,920.00 |
| NY3117DT | 3155 | Market St & Wellington St | Millbourne | $2,994.00 | $0.00 | $2,994.00 | $332.67 | 9 | 2 / week | $408.00 | $0.00 | $408.00 | $136.00 | 3 | Weekly | $1,932.00 | $0.00 | $1,932.00 |
| FL3170DT | 3172 | 1840 E. Colonial Drive | Orlando | $12,932.00 | $236.16 | $13,128.12 | $247.68 | 9 | 2 / week | $402.00 | $0.00 | $402.00 | $134.00 | 3 | Weekly | $3,204.00 | $286.32 | $3,492.00 |
| CO3166DT | 3186 | 3190 N. Federal Blvd | Denver | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 9 | 2 / week | | | $32.10 | $32.19 | | | | $11,932.00 | $0.00 | $1,932.00 |
| MN3251DT | 3231 | 1524 East Saint Paul Ave | Grants | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,928.00 | $0.00 | $1,928.00 |
| WI3259DT | 3251 | 2603 Wisconsin Ave | Janesville | $11,932.00 | $0.00 | $11,932.00 | $160.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| OK3252DT | 3252 | 2654 SE Washington Blvd | Bartlesville | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,920.00 | $0.00 | $1,920.00 |
| CA3255DT | 3255 | 7305 S. Garfield Ave | Monterey Park | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA3327DT | 3273 | 555 El Camino Real | South San Francisco | $3,181.00 | $0.00 | $3,181.00 | $449.25 | 12 | 2 / week | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA3305DT | 3305 | 445 S Broadway | Fairfield | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| WD4110DT | 3411 | 8008 West Brown Deer | Mentone | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $5,787.00 | $0.00 | $5,787.00 |
| CO3459DT | 3459 | 3290 W. 72nd Ave | Westminster | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| FL3567DT | 3507 | 1906 South Jefferson St | Perry | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,926.00 | $0.00 | $1,926.00 |
| NY3510DT | 3512 | 708 Metro Mall Plaza | Copiague | $2,400.00 | $207.00 | $2,607.00 | $217.25 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| NY3516DT | 3516 | 1725 Dutch Broadway | Elmont | $11,932.00 | $165.69 | $12,085.69 | $173.83 | 12 | Weekly | | | | | | | $2,404.00 | $207.00 | $2,611.00 |
| NH3549DT | 3549 | 607 Tenney Mountain Highway | Plymouth | $11,932.00 | $0.00 | $11,932.00 | $172.00 | 12 | Weekly | | | | | | | $11,920.00 | $165.69 | $2,085.60 |
| MO3553DT | 3553 | 703 SE Melody Lane | Lee's Summit | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| AZ3568DT | 3568 | 147 Bucke Dr | Clifton | $11,932.00 | $135.24 | $11,999.62 | $166.54 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| VA3599DT | 3573 | 504 Bud Drive | Chesapeake | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $135.24 | $2,067.24 |
| FL3658DT | 3599 | 450 North Navy Blvd | Pensacola | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA3648DT | 3636 | 3399 E. Broadway | Needles | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| SD3670DT | 3641 | 3501 W Ave Ave SE | Aberdeen | $11,932.00 | $115.52 | $11,998.94 | $168.83 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA3752DT | 3675 | 3509 South Dogwood Road | El Centro | $11,932.00 | $0.00 | $11,932.00 | $163.53 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| OH3732DT | 3752 | 4220 Getaway Avenue | Cincinnati | $11,932.00 | $0.00 | $11,832.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $115.92 | $2,067.92 |
| NY3768DT | 3755 | 2581 E. Tremont Avenue | Bronx | $11,932.00 | $169.60 | $12,080.80 | $173.40 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| CA3853DT | 3768 | 1500 Otson Road | Santee | $11,932.00 | $0.00 | $11,932.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| AZ3870DT | 3863 | 33330 Plymouth Rd | Livonia | $11,920.00 | $0.00 | $11,920.00 | $161.00 | 12 | Weekly | | | | | | | $11,932.00 | $0.00 | $1,932.00 |
| | 3873 | | | | | | | | | | | | | | | $11,920.00 | $0.00 | $1,920.00 |

Totals: $324,489.00 | $3,677.85 | $329,217.30 | | | | $3,015.00 | $47.35 | $3,062.35 | | | $1,027.45 | | $327,704.00 | $5,944.30 | $333,648.20

Sales taxes are subject to change throughout the course of any resulting Agreement for Purchase of Services from this proposal, based on local and state tax rate changes

These documents and all attachments, exhibits and addendums related thereto (collectively, the "Documents") are the sole and exclusive property of Dent Enterprises, Inc. ("Dent"). The Documents may not be reproduced or duplicated by any means without the authority of Dent Enterprises, Inc.

| Geoloc | Store Number | Address | City | State | Annual Landscaping Budget | Sales Tax | Total Landscaping Budget | Monthly Landscaping Budget | No. of Months | Comment |
|---|---|---|---|---|---|---|---|---|---|---|
| GA0051DT | 51 | 1801 Norman Drive | Valdosta | GA | $5,496.00 | $0.00 | $5,496.00 | $458.00 | 12 | |
| MI0079DT | 79 | 5590 12 Mile Road | Warren | MI | $4,848.00 | $0.00 | $4,848.00 | $606.00 | 8 | |
| GA0096DT | 96 | 2619 Dawson Rd | Albany | GA | $4,008.00 | $0.00 | $4,008.00 | $334.00 | 12 | |
| AL0154DT | 154 | 1312 Woodward Ave | Muscle Shoals | AL | $2,607.00 | $0.00 | $2,607.00 | $237.00 | 11 | |
| MI0185DT | 185 | 1941 Grand River Avenue | Okemos | MI | $6,226.00 | $0.00 | $6,226.00 | $566.00 | 11 | |
| SC0230DT | 230 | 2376 Dave Lyle Blvd. | Rock Hill | SC | $6,208.00 | $0.00 | $6,208.00 | $776.00 | 8 | |
| OH0243DT | 243 | 5674 Monroe St | Sylvania | OH | $6,226.00 | $0.00 | $6,226.00 | $566.00 | 11 | |
| VA0246DT | 246 | rner of Hoback Dr. NW & Ferncliff Ave, t | Roanoke | VA | $3,648.00 | $246.24 | $3,894.24 | $486.78 | 8 | |
| FL0270DT | 270 | 190 Mary Esther Blvd | Mary Esther | FL | $3,610.00 | $0.00 | $3,610.00 | $361.00 | 10 | |
| FL0314DT | 314 | 841 W 23rd | Panama City | FL | $2,520.00 | $0.00 | $2,520.00 | $210.00 | 12 | |
| GA0370DT | 370 | 1997 Scenic Hwy | Snellville | GA | $2,976.00 | $0.00 | $2,976.00 | $248.00 | 12 | |
| AR0386DT | 386 | 4252 Central Ave | Hot Springs | AR | $2,409.00 | $0.00 | $2,409.00 | $219.00 | 11 | |
| VA0416DT | 416 | 10083 Brook Rd | Glen Allen | VA | $1,720.00 | $137.60 | $1,857.60 | $185.76 | 10 | |
| TX0489DT | 489 | 5404 Broadway | Pearland | TX | $6,545.00 | $0.00 | $6,545.00 | $595.00 | 11 | |
| TX0490DT | 490 | 5502 Fry Rd | Katy | TX | $4,632.00 | $382.14 | $5,014.14 | $417.85 | 12 | |
| LA0573DT | 573 | 1202 E Admiral Doyle Dr | New Iberia | LA | $4,116.00 | $339.57 | $4,455.57 | $371.30 | 12 | |
| FL0581DT | 581 | 7749 Gall Blvd | Zephyrhills | FL | $2,520.00 | $0.00 | $2,520.00 | $210.00 | 12 | |
| MO0587DT | 587 | 1210 South Main Street | Sikeston | MO | $4,128.00 | $0.00 | $4,128.00 | $344.00 | 12 | |
| OH0699DT | 699 | 1935 W. Laskey Rd | Toledo | OH | $7,130.00 | $0.00 | $7,130.00 | $713.00 | 10 | |
| AL0724DT | 724 | 6621 Aaron Aronov Dr | Fairfield | AL | $2,632.00 | $177.66 | $2,809.66 | $351.21 | 8 | |
| MS0779DT | 779 | 576 Bonita Lakes Dr | Meridian | MS | $3,036.00 | $0.00 | $3,036.00 | $276.00 | 11 | |
| MI0955DT | 955 | West 8165 S US Hwy 2/241 | Iron Mountain | MI | $2,280.00 | $0.00 | $2,280.00 | $190.00 | 12 | |
| IL1036DT | 1036 | 3737 Broadway St | Quincy | IL | $2,712.00 | $0.00 | $2,712.00 | $339.00 | 8 | |
| MD1079DT | 1079 | 11305 Massey Blvd | Hagerstown | MD | $2,660.00 | $0.00 | $2,660.00 | $266.00 | 10 | |
| TX1102DT | 1102 | 6300 FM 78 | San Antonio | TX | $3,276.00 | $270.27 | $3,546.27 | $295.52 | 12 | |
| TX1120DT | 1120 | 1601 N. Town E. | Mesquite | TX | $3,276.00 | $270.27 | $3,546.27 | $295.52 | 12 | |
| LA1182DT | 1182 | 2100 Louisville Ave | Monroe | LA | $3,096.00 | $0.00 | $3,096.00 | $258.00 | 12 | |
| TX1184DT | 1184 | 3141 Broadway Blvd | Garland | TX | $2,148.00 | $182.58 | $2,330.58 | $194.22 | 12 | |
| CA1223DT | 1223 | 3222 Winona Way | North Highlands | CA | $7,860.00 | $0.00 | $7,860.00 | $655.00 | 12 | |
| NY1404DT | 1404 | 101 N Caroline St | Herkimer | NY | $1,848.00 | $152.46 | $2,000.46 | $250.06 | 8 | |
| NC1516DT | 1516 | 2230 Rockford St | Mount Airy | NC | $5,181.00 | $0.00 | $5,181.00 | $471.00 | 11 | |
| NC1578DT | 1578 | 3011 N. Main St | Hope Mills | NC | $4,240.00 | $0.00 | $4,240.00 | $424.00 | 10 | |
| TX1592DT | 1592 | 722 SW Military Dr | San Antonio | TX | $2,136.00 | $173.55 | $2,309.55 | $192.46 | 12 | |
| FL1596DT | 1596 | 2845 University Blvd W | Jacksonville | FL | $2,724.00 | $0.00 | $2,724.00 | $227.00 | 12 | |
| NJ1645DT | 1645 | 2301 Rt 130, S | Cinnaminson | NJ | $2,216.00 | $155.12 | $2,371.12 | $296.39 | 8 | |
| PA1656DT | 1656 | 2620 Cottman Ave | Philadelphia | PA | $1,384.00 | $96.88 | $1,480.88 | $185.11 | 8 | |
| PA1661DT | 1661 | 2499 Northampton St | Easton | PA | $2,048.00 | $122.88 | $2,170.88 | $271.35 | 8 | |
| MD1669DT | 1669 | 7419 Ritchie Hwy | Glen Burnie | MD | $1,740.00 | $0.00 | $1,740.00 | $174.00 | 10 | |
| PA1674DT | 1674 | 2357 Lincoln Hwy, E. | Lancaster | PA | $2,136.00 | $128.16 | $2,264.16 | $283.02 | 8 | |
| MO1768DT | 1768 | 3637 S Kingshighway | St. Louis | MO | $1,566.00 | $0.00 | $1,566.00 | $174.00 | 9 | |
| VA1780DT | 1780 | 13121 Lee Hwy | Bristol | VA | $2,070.00 | $0.00 | $2,070.00 | $207.00 | 10 | |
| NY1782DT | 1782 | 3701 McKinley Parkway | Buffalo | NY | $7,664.00 | $670.60 | $8,334.60 | $1,041.83 | 8 | |
| FL1805DT | 1805 | 1351 Southern Dunes Blvd | Haines City | FL | $3,168.00 | $0.00 | $3,168.00 | $264.00 | 12 | |
| CA1827DT | 1827 | 1647 N. Broadway | Santa Maria | CA | $8,412.00 | $0.00 | $8,412.00 | $701.00 | 12 | |
| MI1833DT | 1833 | 10830 Warren Road | Dearborn | MI | $366.00 | $0.00 | $366.00 | $183.00 | 2 | Vegetation control only - May and August |
| GA1834DT | 1834 | 607 Northside Dr | Statesboro | GA | $2,472.00 | $0.00 | $2,472.00 | $206.00 | 12 | |
| KS1856DT | 1856 | 1224 W Pawnee | Wichita | KS | $1,503.00 | $94.69 | $1,597.69 | $177.52 | 9 | |
| NY1860DT | 1860 | 339 Fairview Ave | Hudson | NY | $2,288.00 | $183.04 | $2,471.04 | $308.88 | 8 | |
| NC1874DT | 1874 | 2031 S Horner Blvd | Sanford | NC | $3,800.00 | $0.00 | $3,800.00 | $380.00 | 10 | |
| MI1877DT | 1877 | 21030 Gratiot Ave | Eastpointe | MI | $1,456.00 | $0.00 | $1,456.00 | $182.00 | 8 | |
| NY1879DT | 1879 | 339 State Rt 104, E. | Oswego | NY | $1,880.00 | $150.40 | $2,030.40 | $253.80 | 8 | |
| OK1887DT | 1887 | 6748 NW Cache Rd | Lawton | OK | $3,120.00 | $0.00 | $3,120.00 | $312.00 | 10 | |
| AL1939DT | 1939 | 1571 S Eufaula Ave | Eufaula | AL | $2,280.00 | $0.00 | $2,280.00 | $190.00 | 12 | |
| AR1948DT | 1948 | 218 Bryant Ave | Bryant | AR | $1,730.00 | $155.70 | $1,885.70 | $188.57 | 10 | |
| NY1984DT | 1984 | 3615 Berry Fields Rd | Geneva | NY | $2,736.00 | $194.94 | $2,930.94 | $366.37 | 8 | |
| IN2005DT | 2005 | 280 County Rd 6, E. | Elkhart | IN | $2,016.00 | $0.00 | $2,016.00 | $252.00 | 8 | |

| Geoloc | Store Number | Address | City | State | Annual Landscaping Budget | Sales Tax | Total Landscaping Budget | Monthly Landscaping Budget | No. of Months | Comment |
|---|---|---|---|---|---|---|---|---|---|---|
| WV2028DT | 2028 | 5 Clarksburg Rd | Buckhannon | WV | $1,576.00 | $94.56 | $1,670.56 | $208.82 | 8 | |
| FL2134DT | 2134 | 11000 - 0100 Beach Blvd | Jacksonville | FL | $5,064.00 | $0.00 | $5,064.00 | $422.00 | 12 | |
| PA2153DT | 2153 | 3604 Buffalo Rd | Wesleyville | PA | $2,040.00 | $122.40 | $2,162.40 | $270.30 | 8 | |
| MI2164DT | 2164 | 8918 W. 8 Mile Rd | Ferndale | MI | $1,536.00 | $0.00 | $1,536.00 | $192.00 | 8 | |
| NC2170DT | 2170 | US Hwy 70 (W Of Hwy 24) | Morehead City | NC | $2,364.00 | $0.00 | $2,364.00 | $197.00 | 12 | |
| NC2171DT | 2171 | Hwy 321 (Intersec. w/ Hospital Ave) | Lenoir | NC | $5,700.00 | $0.00 | $5,700.00 | $570.00 | 10 | |
| TX2173DT | 2173 | 1009 S Closner Blvd | Edinburg | TX | $2,400.00 | $198.00 | $2,598.00 | $216.50 | 12 | |
| CA2183DT | 2183 | 1816 Fremont Blvd | Seaside | CA | $3,696.00 | $0.00 | $3,696.00 | $308.00 | 12 | |
| MS2203DT | 2203 | 5889 Hwy 49 | Hattiesburg | MS | $2,280.00 | $0.00 | $2,280.00 | $190.00 | 12 | |
| OK2212DT | 2212 | 1901 S. Telephone Rd | Moore | OK | $2,280.00 | $0.00 | $2,280.00 | $228.00 | 10 | |
| MI2269DT | 2269 | 4210 S Cedar St | Lansing | MI | $2,480.00 | $0.00 | $2,480.00 | $248.00 | 10 | |
| OH2353DT | 2353 | 5650 N Dixie Dr | Dayton | OH | $2,264.00 | $0.00 | $2,264.00 | $283.00 | 8 | |
| TX2356DT | 2356 | 4312 W Loop 250 N | Midland | TX | $2,013.00 | $156.07 | $2,205.27 | $245.03 | 9 | |
| MI2359DT | 2359 | 10333 Pelham Rd | Allen Park | MI | $4,632.00 | $0.00 | $4,632.00 | $579.00 | 8 | |
| MI2368DT | 2368 | 26430 Michigan Ave | Inkster | MI | $2,208.00 | $0.00 | $2,208.00 | $276.00 | 8 | |
| WA2387DT | 2387 | W. 703 Nob Hill Blvd | Yakima | WA | $2,680.00 | $219.76 | $2,899.76 | $289.98 | 10 | |
| NJ2400DT | 2400 | 508 S White Horse Pke | Somerdale | NJ | $1,552.00 | $108.64 | $1,660.64 | $207.58 | 8 | |
| CA2430DT | 2430 | 844 S. Tucker Rd | Tehachapi | CA | $2,424.00 | $0.00 | $2,424.00 | $202.00 | 12 | |
| TX2452DT | 2452 | 5310 Slide Rd | Lubbock | TX | $2,068.00 | $170.61 | $2,238.61 | $203.51 | 11 | |
| OR2473DT | 2473 | 4701 Hwy 101 | Florence | OR | $7,040.00 | $0.00 | $7,040.00 | $640.00 | 11 | |
| WA2481DT | 2481 | 1551 Southeast Blvd #A | Ephrata | WA | $1,880.00 | $148.52 | $2,028.52 | $253.57 | 8 | |
| WA2487DT | 2487 | 31014 Pacific Hwy S | Federal Way | WA | $3,828.00 | $340.69 | $4,168.69 | $378.87 | 11 | |
| NC2531DT | 2531 | 2145 Lafeune Blvd | Jacksonville | NC | $1,738.00 | $0.00 | $1,738.00 | $158.00 | 11 | |
| LA2542DT | 2542 | 1527 S. Range Ave | Denham Springs | LA | $2,736.00 | $0.00 | $2,736.00 | $228.00 | 12 | |
| MI2557DT | 2557 | 404 S. Saginaw Rd | Midland | MI | $2,184.00 | $0.00 | $2,184.00 | $273.00 | 8 | |
| NM2561DT | 2561 | 3901 N. Prince St | Clovis | NM | $2,420.00 | $0.00 | $2,420.00 | $242.00 | 10 | |
| PA2568DT | 2568 | Rt 436 & US 119 | Punxsutawney | PA | $1,856.00 | $111.36 | $1,967.36 | $245.92 | 8 | |
| NC2586DT | 2586 | 2051 Central Park Dr | Greenville | NC | $3,135.00 | $0.00 | $3,135.00 | $285.00 | 11 | |
| CA2600DT | 2600 | 917 E Olive Ave | Fresno | CA | $4,440.00 | $0.00 | $4,440.00 | $370.00 | 12 | |
| ID2614DT | 2614 | 4752 Yellowstone Ave | Chubbuck | ID | $3,984.00 | $0.00 | $3,984.00 | $498.00 | 8 | |
| UT2670DT | 2670 | 812 E. 200 S. | Salt Lake City | UT | $1,970.00 | $0.00 | $1,970.00 | $197.00 | 10 | |
| OR2712DT | 2712 | 3600 W 11th Ave | Eugene | OR | $3,080.00 | $0.00 | $3,080.00 | $280.00 | 11 | |
| OK2748DT | 2748 | 1198 N. Perkins Rd | Stillwater | OK | $2,480.00 | $0.00 | $2,480.00 | $248.00 | 10 | |
| WA2753DT | 2753 | 2660 Yakima Valley Hwy | Sunnyside | WA | $1,720.00 | $135.88 | $1,855.88 | $185.59 | 10 | |
| CT2776DT | 2776 | 1310 Main St | Williamantic | CT | $7,524.00 | $451.44 | $7,975.44 | $886.16 | 9 | |
| CA2782DT | 2782 | 516 El Camino Real | Belmont | CA | $2,844.00 | $0.00 | $2,844.00 | $237.00 | 12 | |
| ID2830DT | 2830 | 1695 American Legion Blvd | Mountain Home | ID | $3,248.00 | $0.00 | $3,248.00 | $406.00 | 8 | |
| SC2912DT | 2912 | 2001 Rosewood Dr | Columbia | SC | $2,664.00 | $0.00 | $2,664.00 | $222.00 | 12 | |
| NY2917DT | 2917 | 3130 Erie Blvd E. | Syracuse | NY | $3,160.00 | $252.80 | $3,412.80 | $426.60 | 8 | |
| MT2947DT | 2947 | 1017 10th Ave South | Great Falls | MT | $2,312.00 | $0.00 | $2,312.00 | $289.00 | 8 | |
| WA3029DT | 3029 | 3456 E. Hwy 101 | Port Angeles | WA | $11,004.00 | $924.34 | $11,928.34 | $994.03 | 12 | |
| IN3036DT-F | 3036 | 6302 East 82nd St | Indianapolis | IN | $2,384.00 | $0.00 | $2,384.00 | $298.00 | 8 | |
| MI3037DT-F | 3037 | 25101 Allen Rd | Woodhaven | MI | $3,632.00 | $0.00 | $3,632.00 | $454.00 | 8 | |
| MI3039DT-F | 3039 | 23090 Coolidge Hwy | Oak Park | MI | $5,392.00 | $0.00 | $5,392.00 | $674.00 | 8 | |
| MD3040DT-F | 3040 | 1524 E. Joppa Rd | Towson | MD | $8,430.00 | $0.00 | $8,430.00 | $843.00 | 10 | |
| NY3042DT | 3042 | 3767 Hempstead Trnpk | Levittown | NY | $5,670.00 | $489.04 | $6,159.04 | $684.34 | 9 | |
| NY3043DT | 3043 | 167 N. Service Rd | Patchogue | NY | $11,205.00 | $966.43 | $12,171.43 | $1,352.38 | 9 | |
| MI3044DT-F | 3044 | 3590 Washtenaw Ave | Ann Arbor | MI | $4,240.00 | $0.00 | $4,240.00 | $530.00 | 8 | |
| MN3046DT-F | 3046 | 7350 153rd St. W. | Apple Valley | MN | $448.00 | $29.12 | $477.12 | $59.64 | 8 | |
| MI3048DT-F | 3048 | 2295 10 Mile Rd | Warren | MI | $9,704.00 | $0.00 | $9,704.00 | $1,213.00 | 8 | |
| MA3085DT | 3085 | 759 Lynnway | Lynn | MA | $819.00 | $0.00 | $819.00 | $91.00 | 9 | |
| FL3121DT | 3121 | 611 North Ferdon Blvd. | Crestview | FL | $2,904.00 | $0.00 | $2,904.00 | $242.00 | 12 | |
| PA3166DT | 3166 | Market St.& Wellington St | Millbourne | PA | $1,026.00 | $61.56 | $1,087.55 | $120.84 | 9 | |
| NY3171DT | 3171 | 3456 State St | Niskayuna | NY | $1,896.00 | $151.68 | $2,047.68 | $255.96 | 8 | |
| FL3172DT | 3172 | 1840 E Colonial Drive | Orlando | FL | $4,284.00 | $0.00 | $4,284.00 | $357.00 | 12 | |
| CO3188DT | 3188 | 5190 N. Federal Blvd. | Denver | CO | $840.00 | $0.00 | $840.00 | $105.00 | 8 | |

Demco

Denica/Dealer Tree
2008/2009 Landscaping

| Geoloc | Store Number | Address | City | State | Annual Landscaping Budget | Sales Tax | Total Landscaping Budget | Monthly Landscaping Budget | No. of Months | Comment |
|---|---|---|---|---|---|---|---|---|---|---|
| NM2331DT | 3231 | 1624 East Santa Fe Ave | Grants | NM | $1,710.00 | $0.00 | $1,710.00 | $171.00 | 10 | |
| MI2510T | 3251 | 1600 Memorial Rd | Houghton | MI | $2,256.00 | $0.00 | $2,256.00 | $282.00 | 8 | |
| OK3252DT | 3252 | 2654 SE Washington Blvd | Bartlesville | OK | $3,100.00 | $0.00 | $3,100.00 | $310.00 | 10 | |
| CA3255DT | 3255 | 2305 S. Garfield Ave | Monterey Park | CA | $4,140.00 | $0.00 | $4,140.00 | $345.00 | 12 | |
| CA3275DT | 3275 | 555 El Camino Real | South San Francisco | CA | $7,032.00 | $0.00 | $7,032.00 | $586.00 | 12 | |
| OH3305DT | 3305 | 4615 Dixie Highway | Fairfield | OH | $5,436.00 | $353.34 | $5,789.34 | $643.26 | 9 | |
| WI3411DT | 3411 | 8008 West Brown Deer | Milwaukee | WI | $5,944.00 | $332.86 | $6,276.86 | $784.61 | 8 | |
| FL3507DT | 3507 | 1900 South Jefferson St | Perry | FL | $3,672.00 | $0.00 | $3,672.00 | $306.00 | 12 | |
| NY3515DT | 3515 | 705 Montauk Highway | Copaigue | NY | $3,375.00 | $291.09 | $3,666.09 | $407.34 | 9 | |
| NY3516DT | 3516 | 1725 Dutch Broadway | Elmont | NY | $6,489.00 | $559.68 | $7,048.68 | $783.19 | 9 | |
| NH3549DT | 3549 | 697 Tenney Mountain Highway | Plymouth | NH | $4,848.00 | $0.00 | $4,848.00 | $606.00 | 8 | |
| MO3553DT | 3553 | 703 SE Melody Lane | Lee's Summit | MO | $2,296.00 | $0.00 | $2,296.00 | $287.00 | 8 | |
| NJ3568DT | 3568 | 505 Piaget Ave | Clifton | NJ | $6,732.00 | $471.24 | $7,203.24 | $800.36 | 9 | |
| MA3573DT | 3573 | 147 Squire Road | Revere | MA | $9,558.00 | $0.00 | $9,558.00 | $1,062.00 | 9 | |
| VA3599DT | 3599 | 504 Bud Drive | Chesapeake | VA | $8,096.00 | $0.00 | $8,096.00 | $736.00 | 11 | |
| FL3636DT | 3636 | 450 North Navy Blvd. | Pensacola | FL | $4,524.00 | $0.00 | $4,524.00 | $377.00 | 12 | |
| CA3648DT | 3648 | 1100 E. Broadway | Needles | CA | $2,700.00 | $0.00 | $2,700.00 | $225.00 | 12 | |
| SD3675DT | 3675 | 3501 6th Avenue SE | Aberdeen | SD | $7,656.00 | $459.36 | $8,115.36 | $1,014.42 | 8 | |
| CA3752DT | 3752 | 3509 South Dogwood Road | El Centro | CA | $7,092.00 | $0.00 | $7,092.00 | $591.00 | 12 | |
| CA3863DT | 3853 | 916 Story Road | San Jose | CA | $3,948.00 | $0.00 | $3,948.00 | $329.00 | 12 | |
| MI3873DT | 3873 | 33330 Plymouth Road | Livonia | MI | $8,976.00 | $0.00 | $8,976.00 | $1,122.00 | 8 | |
| | | Portfolio Totals | | | $445,522.00 | $12,039.49 | $497,561.49 | $51,205.50 | | |

Sales taxes are subject to change throughout the course of any resulting Agreement for Purchase of Services from this proposal, based on local and state tax rate changes.

These documents and all attachments, exhibits and addendums related thereto (collectively, the "Documents") are the sole and exclusive property of Deni Enterprises, Inc. ("Deni"). The Documents may not be reproduced or duplicated by any means without the authority of Deni Enterprises, Inc.

3

Denica

March 26, 2008



## AMENDMENT TO SERVICE AGREEMENT

This amendment to the May 1, 2008 Service Agreement by and between Dollar Tree Stores, Inc. and Dent Enterprises, Inc. for grounds maintenance services affects the Term Of Agreement Effective Date only. All other Terms and Conditions remain unaltered.

The original term date of April 30, 2010 will be extended to April 30, 2011.

IN WITNESS WHEREOF, each of the Parties has caused this Amendment to be executed in compliance with item 1.2 of the original Service Agreement.

DOLLAR TREE STORES, INC

By: _Deborah E. Miller_

Name: _____
Deborah E. Miller
Title: ___Vice President___
Corporate Counsel

Date: ___7-29-10___

DENT ENTERPRISES, INC.

By: _Kevin Dent_

Name: ___Kevin Dent___

Title: ___CEO___

Date: ___8/9/10___

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
--------------------------------------------------------------

MARK SMUKALL and
DIANE SMUKALL
6494 Route 16 South
Franklinville, New York 14737,

**SUMMONS**

Index No. 2013- _05 20_

Plaintiffs,

-vs-

FILED
02/15/2013/ 16:32:08
ERIE COUNTY CLERK
RCPT # 13027267
I 2013000520

DOLLAR TREE STORES, INC.
500 Volvo Parkway
Chesapeake, Virginia 23320,

DENTCO INC.
1161 East Clark Road, Suite 124-128
Dewitt, Michigan 48820,

DENT ENTERPRISES, INC.
1161 East Clark Road, Suite 124-128
Dewitt, Michigan 48820,

STEVEN M. SAILING
 d/b/a B. SAILING SITE &
 LANDSCAPE CONTRACTOR
7494 Boston State Road
Hamburg, New York 14075,

B. SAILING SITE &
LANDSCAPE CONTRACTOR INC.
P.O. BOX 72
North Boston, New York 14110,

PANERA LLC
3630 South Geyer Road, Suite 100
St. Louis, Missouri 63127, and

FARIDUN RAHIMZADEH
1 Daffodil Drive
Farmingdale, New York 11725-7000,

Defendants.
--------------------------------------------------------------

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon the plaintiffs' attorneys at their address stated below, an answer to the attached complaint.

If this summons was personally delivered to you in the State of New York, the answer must be served within twenty (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The plaintiffs designate Erie County as the place of trial; the basis of venue is the Erie County address of the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, and/or the designation by the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., of Erie County as its principal place of business in New York.

This summons was filed on February 15, 2013, with the Clerk of the Court in which this action is brought and assigned the Index Number appearing on the face of the Summons.

GIVE THESE PAPERS TO YOUR<br>
INSURANCE COMPANY IMMEDIATELY.<br>
THE FAILURE TO DO SO MAY RESULT IN THE<br>
LOSS OF YOUR INSURANCE COVERAGE.

DATED: Buffalo, New York
February 15, 2013

John T. Loss, Esq.
CONNORS & VILARDO, LLP
Attorneys for Plaintiffs
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 852-5533

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
------------------------------------------------------------

MARK SMUKALL and
DIANE SMUKALL,

                    Plaintiffs,

                                              COMPLAINT

          ·vs·
                                              Index No. 2013- _0 5 2 0_

DOLLAR TREE STORES, INC.,
DENTCO INC.,
DENT ENTERPRISES, INC.,
STEVEN M. SAILING
  d/b/a B. SAILING SITE &                         F I L E D
  LANDSCAPE CONTRACTOR,                      ACTIONS & PROCEEDINGS
B. SAILING SITE &
  LANDSCAPE CONTRACTOR INC.,                    FEB 1 5 2013
PANERA LLC, and
FARIDUN RAHIMZADEH,                             ERIE COUNTY
                                              CLERK'S OFFICE
                    Defendants.
------------------------------------------------------------

          The plaintiffs, MARK SMUKALL and DIANE SMUKALL, by their

attorneys, Connors & Vilardo, LLP, for their complaint allege that:

          1.    . At all times herein, the plaintiffs, MARK SMUKALL and DIANE

SMUKALL, were and are residents of the Town of Franklinville, County of

Cattaraugus, and State of New York.

          2.     Upon information and belief, at all times herein, the defendant,

DOLLAR TREE STORES, INC. ("DOLLAR TREE"), was and is a foreign business

corporation incorporated under the laws of Virginia, doing business in the State of

New York, with a place of business (Store #01782) located at 3701 McKinley

Parkway, Unit 1090, Hamburg, New York 14219.

3.    Upon information and belief, at all times herein, the defendant, DENTCO INC., was and is a foreign business corporation incorporated under the laws of Michigan, and contracted with DOLLAR TREE to do business in the State of New York at DOLLAR TREE's place of business located at 3701 McKinley Parkway, Hamburg, New York 14219.

4.    Upon information and belief, at all times herein, the defendant, DENT ENTERPRISES, INC., was and is a foreign business corporation incorporated under the laws of Michigan, and contracted with DOLLAR TREE to do business in the State of New York, at DOLLAR TREE's place of business located at 3701 McKinley Parkway, Hamburg, New York 14219.

5.    Upon information and belief, at all times herein, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, was and is a resident of the Town of North Boston, Erie County, New York, and resides at 7494 Boston State Road, Hamburg, New York 14075.

6.    Upon information and belief, at all times herein, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., was and is a New York corporation, duly organized and existing under the laws of the State of New York, with its principal place of business located in the Town of North Boston, New York, having a mailing address listed as P.O. Box 72, North Boston, New York 14110.

7.    Upon information and belief, at all times herein, the defendant, PANERA LLC, was and is a foreign business corporation incorporated under the

laws of Missouri, doing business in the State of New York, with a place of business located at 3701 McKinley Parkway, Hamburg, New York 14219.

8. Upon information and belief, the defendant, FARIDUN RAHIMZADEH, was and is a resident of the Town of Farmingdale, County of Nassau, and State of New York.

9. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORES, INC., owned the property located at 3701 McKinley Parkway, Hamburg, New York 14219 (hereinafter referred to as "the property").

10. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORES, INC., owned all sidewalks and parking lots located on the premises of the property.

11. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORES, INC., managed and maintained all sidewalks and parking lots located on the premises of the property.

12. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees managed and maintained the property.

13. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees operated the property.

14. Upon information and belief, on and before October 28, 2010, the defendant, DOLLAR TREE STORE, INC., its agents, servants and/or employees controlled the property.

15. Upon information and belief, on and before October 28, 2010, the defendant, DENTCO INC., managed and maintained all sidewalks and parking lots located on the premises of the property.

16. Upon information and belief, on and before October 28, 2010, the defendant, DENTCO INC., its agents, servants and/or employees managed and maintained the property.

17. Upon information and belief, on and before October 28, 2010, the defendant, DENTCO INC., its agents, servants and/or employees operated the property.

18. Upon information and belief, on and before October 28, 2010, the defendant, DENTCO INC., its agents, servants and/or employees controlled the property.

19. Upon information and belief, prior to October 28, 2010, the defendant DENTCO INC., contracted with DOLLAR TREE to remedy a defective condition on the property.

20. Upon information and belief, on and before October 28, 2010, the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees managed and maintained the property.

21.    Upon information and belief, on and before October 28, 2010, the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees operated the property.

22.    Upon information and belief, on and before October 28, 2010, the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees controlled the property.

23.    Upon information and belief, prior to October 28, 2010, the defendant DENT ENTERPRISES, INC., contracted with DOLLAR TREE to remedy a defective condition on the property.

24.    Upon information and belief, on and before October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, managed and maintained all sidewalks and parking lots located on the premises of the property.

25.    Upon information and belief, on and before October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, its agents, servants and/or employees managed and maintained the property.

26.    Upon information and belief, on and before October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, its agents, servants and/or employees operated the property.

27.    Upon information and belief, on and before October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, its agents, servants and/or employees controlled the property.

28. Upon information and belief, prior to October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, contracted with the defendant, DENTCO INC., to remedy a defective condition on the property.

29. Upon information and belief, prior to October 28, 2010, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, contracted with the defendant, DENT ENTERPRISES, INC., to remedy a defective condition on the property.

30. Upon information and belief, on and before October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., managed and maintained all sidewalks and parking lots located on the premises of the property.

31. Upon information and belief, on and before October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees managed and maintained the property.

32. Upon information and belief, on and before October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees operated the property.

33. Upon information and belief, on and before October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees controlled the property.

34. Upon information and belief, prior to October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., contracted with the defendant, DENTCO INC., to remedy a defective condition on the property.

35. Upon information and belief, prior to October 28, 2010, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., contracted with the defendant, DENT ENTERPRISES, INC., to remedy a defective condition on the property.

36. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, owned the property located at 3701 McKinley Parkway, Hamburg, New York 14219.

37. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, owned all sidewalks and parking lots located on the premises of the property.

38. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, managed and maintained all sidewalks and parking lots located on the premises of the property.

39. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, its agents, servants and/or employees managed and maintained the property.

40. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, its agents, servants and/or employees operated the property.

41. Upon information and belief, on and before October 28, 2010, the defendant, PANERA LLC, its agents, servants and/or employees controlled the property.

42.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, owned the property located at 3701 McKinley Parkway, Hamburg, New York 14219.

43.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, owned all sidewalks and parking lots located on the premises of the property.

44.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, managed and maintained all sidewalks and parking lots located on the premises of the property.

45.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees managed and maintained the property.

46.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees operated the property.

47.   Upon information and belief, on and before October 28, 2010, the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees controlled the property.

48.   On October 28, 2010, the property was open to the public and operated as a retail plaza and restaurant.

49.   This action falls within one or more of the exceptions set forth in CPLR § 1602.

## FOR A FIRST CAUSE OF ACTION

50.     The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

51.     The defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

52.     The defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

53.     On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

54.     On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

55.     Upon information and belief, the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

56.     Upon information and belief, the negligence of the defendant, DOLLAR TREE STORES, INC., its agents servants and/or employees consisted of,

but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

57. As a result of the acts and omissions of the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

58. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, DOLLAR TREE STORES, INC., its agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

59. Upon information and belief, the defendant, DOLLAR TREE STORES, INC., its agents and/or employees affirmatively created the above described hazardous and dangerous condition.

60. Upon information and belief, the defendant, DOLLAR TREE STORES, INC., its agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

61. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, DOLLAR TREE STORES,

INC., its agents and/or employees could and should have taken steps to remedy the dangerous condition.

62. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

## FOR A SECOND CAUSE OF ACTION

63. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

64. The defendant, DENTCO INC., its agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

65. The defendant, DENTCO INC., its agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

66. On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

67. On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

68. Upon information and belief, the defendant, DENTCO INC., its agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

69. Upon information and belief, the negligence of the defendant, DENTCO INC., its agents servants and/or employees consisted of, but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

70. As a result of the acts and omissions of the defendant, DENTCO INC., its agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

71. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, DENTCO INC., its agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

72. Upon information and belief, the defendant, DENTCO INC., its agents and/or employees affirmatively created the above described hazardous and dangerous condition.

73. Upon information and belief, the defendant, DENTCO INC., its agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

74. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, DENTCO INC., its agents and/or employees could and should have taken steps to remedy the dangerous condition.

75. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

## FOR A THIRD CAUSE OF ACTION

76. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

77. The defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

78. The defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

79) On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

80.) On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

81.) Upon information and belief, the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

82.) Upon information and belief, the negligence of the defendant, DENT ENTERPRISES, INC., its agents servants and/or employees consisted of, but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

83.) As a result of the acts and omissions of the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

84. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, DENT ENTERPRISES, INC., its agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

85. Upon information and belief, the defendant, DENT ENTERPRISES, INC., its agents and/or employees affirmatively created the above described hazardous and dangerous condition.

86. Upon information and belief, the defendant, DENT ENTERPRISES, INC., its agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

87. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, DENT ENTERPRISES, INC., its agents and/or employees could and should have taken steps to remedy the dangerous condition.

88. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

## FOR A FOURTH CAUSE OF ACTION

89. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

90. The defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

91. The defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

92. On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

93. On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

94. Upon information and belief, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

95. Upon information and belief, the negligence of the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents servants and/or employees consisted of, but was not limited to: allowing

an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

96. As a result of the acts and omissions of the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

97. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

98. Upon information and belief, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents and/or employees affirmatively created the above described hazardous and dangerous condition.

99. Upon information and belief, the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

100. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, his agents and/or employees could and should have taken steps to remedy the dangerous condition.

101. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

## FOR A FIFTH CAUSE OF ACTION

102. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

103. The defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

104. The defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

105. On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign

post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

106. On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

107. Upon information and belief, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

108. Upon information and belief, the negligence of the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents servants and/or employees consisted of, but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to-warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

109. As a result of the acts and omissions of the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

110. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

111. Upon information and belief, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents and/or employees affirmatively created the above described hazardous and dangerous condition.

112. Upon information and belief, the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

113. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, B. SAILING SITE & LANDSCAPE CONTRACTOR INC., its agents and/or employees could and should have taken steps to remedy the dangerous condition.

114. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

## FOR A SIXTH CAUSE OF ACTION

115. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

116. The defendant, PANERA LLC, its agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

117. The defendant, PANERA LLC, its agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

118. On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

119. On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

120. Upon information and belief, the defendant, PANERA LLC, its agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

121. Upon information and belief, the negligence of the defendant, PANERA LLC, its agents servants and/or employees consisted of, but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base;

failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

122. As a result of the acts and omissions of the defendant, PANERA LLC, its agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

123. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, PANERA LLC, its agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

124. Upon information and belief, the defendant, PANERA LLC, its agents and/or employees affirmatively created the above described hazardous and dangerous condition.

125. Upon information and belief, the defendant, PANERA LLC, its agents and/or employees had actual knowledge and notice of above described hazardous and dangerous condition.

126. Upon information and belief, the above described hazardous and dangerous condition existed for a sufficient length of time prior to the happening of the incident involving the plaintiff, that the defendant, PANERA LLC, its agents and/or employees could and should have taken steps to remedy the dangerous condition.

127. As a result of the foregoing, the plaintiff, MARK SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff will seek damages in an amount to be proven and determined at the time of trial.

### FOR A SEVENTH CAUSE OF ACTION

128. The plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

129. The defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees, had a duty to the public, including the plaintiff, MARK SMUKALL, to maintain a safe premises so as to prevent the occurrence of foreseeable injuries to customers.

130. The defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees, had a duty to keep the premises, including the sidewalks and parking lots, in a reasonably safe condition, and free of any tripping hazards.

131. On or about October 28, 2010, there existed on the above-mentioned premises a defective and dangerous condition, including, but not limited to, a sign post anchor base, located off the edge of the sidewalk and in the parking lot, adjacent to the Panera Bread restaurant.

132. On or about October 28, 2010, while walking down the sidewalk adjacent to Panera Bread, after exiting Panera Bread, the plaintiff, MARK SMUKALL, was caused to trip and fall as a result of the dangerous and hazardous sign post anchor base.

133. Upon information and belief, the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees, were negligent, reckless and careless in allowing the hazardous and dangerous condition to exist.

134. Upon information and belief, the negligence of the defendant, FARIDUN RAHIMZADEH, his agents servants and/or employees consisted of, but was not limited to: allowing an unsafe and dangerous condition to exist; requiring customers to walk through an unsafe and dangerous area; failing to warn customers of the sign post anchor base; failing to inspect the sign post anchor base; failing to remedy the defective condition; failing to maintain a safe premises; and failing to prevent foreseeable injuries to the plaintiff, MARK SMUKALL.

135. As a result of the acts and omissions of the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees, the plaintiff, MARK SMUKALL, was caused to suffer and sustain severe and permanent personal injuries and pain and suffering.

136. Upon information and belief, the described incident and injuries resulted solely from the negligent, reckless and careless acts and/or omissions of the defendant, FARIDUN RAHIMZADEH, his agents, servants and/or employees and is in no way attributable to any negligence or want of care on the part of the plaintiff, MARK SMUKALL.

137. Upon information and belief, the defendant, FARIDUN RAHIMZADEH, his agents and/or employees affirmatively created the above described hazardous and dangerous condition.

144. As a result of the incident described herein, the plaintiff, DIANE SMUKALL, has been deprived of the services of her husband and the comfort and happiness of her husband's society and has been otherwise damaged.

145. As a result of the incident described herein, the plaintiff, DIANE SMUKALL, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiffs will seek damages in an amount to be proven and determined at the time of trial.

WHEREFORE, the plaintiffs, MARK SMUKALL and DIANE SMUKALL, demand judgment against each of the defendants jointly and/or severally on each cause of action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and in an amount to be proven and determined at the trial of this action, together with the costs and disbursements of this action and such other and further relief as the court may deem just and proper.

DATED:    Buffalo, New York
           February 15, 2013

John T. Loss, Esq.
CONNORS & VILARDO, LLP
Attorneys for Plaintiffs
1000 Liberty Building
424 Main Street
Buffalo, New York 14202
(716) 852-5533

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

MARK SMUKALL and
DIANE SMUKALL,

Plaintiffs,

-vs-

DOLLAR TREE STORES, INC.,
DENTCO INC.,
DENT ENTERPRISES, INC.,
STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR,
B. SAILING SITE & LANDSCAPE CONTRACTOR, INC.,
PANERA LLC, and
FARIDUN RAHIMZADEH,

Defendants.

SUMMONS AND COMPLAINT

Index No. 2013-0520

COPY

018H2E525617

Nexter

$05.02⁰
02/26/2013
Mailed From 12231
US POSTAGE





OF STICKER AT TOP OF ENVELOPE TO THE RIGHT
THE RETURN ADDRESS FOLD AT DOTTED LINE

## CERTIFIED MAIL

**7196 9005 9793 1212 4168**

50696
RPORATION SERVICE COMPANY
E STREET
NY, 12207

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

MARK SMUKALL and
DIANE SMUKALL,

                                      Plaintiffs,

      against

                                    **AMENDED ANSWER**
                                    Index # 2013-0520

DOLLAR TREE STORES, INC.,
DENTCO INC.,
DENT ENTERPRISES, INC.,
STEVEN M. SAILING
d/b/a B. SAILING SITE &
 LANDSCAPING CONTRACTOR, and
B. SAILING SITE &
LANDSCAPING CONTRACTOR, INC.,

                                        Defendants.

---

      As and for an answer to plaintiffs' complaint, the defendant, Dollar Tree Stores, Inc.,

(hereinafter "answering defendant"), through counsel, states the following upon information and

belief:

      1.      Answering defendant denies the allegations of paragraph 1 of the complaint for want

of knowledge and information sufficient to form a belief as to the truth thereof.

      2.      Answering defendant admits the allegations of paragraph 2 of the complaint.

      3.      Answering defendant denies the allegations of paragraphs 3 and 4 of the complaint

for want of knowledge and information sufficient to form a belief as to the truth thereof except

admits that answering defendant entered into a service agreement with an entity called Dent

Enterprises, Inc, "Dentco".

4.     Answering defendant denies the allegations of paragraphs 5, 6, 7 and 8 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

5.     Answering defendant denies the allegations of paragraphs 9 and 10 of the complaint.

6.     Answering defendant denies the allegations of paragraphs 11, 12 and 13 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court and all terms and conditions with respect to the property to the relevant contracts for the premises.

7.     Answering defendant denies the allegations of paragraph 14 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

8.     Answering defendant denies the allegations of paragraphs 15, 16, 17 and 18 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

9.     Answering defendant denies the allegations of paragraph 19 of the complaint and refers all questions of law to the court.

10.     Answering defendant denies the allegations of paragraphs 20, 21 and 22 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

11.     Answering defendant denies the allegations of paragraph 23 of the complaint and refers all questions of law to the court.

12.     Answering defendant denies the allegations of paragraphs 24, 25, 26 and 27 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

13.     Answering defendant denies the allegations of paragraphs 28 and 29 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers

all questions of law to the court.

14.     Answering defendant denies the allegations of paragraphs 30, 31, 32 and 33 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

15.     Answering defendant denies the allegations of paragraphs 34 and 35 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refer all questions of law to the court.

16.     Answering defendant denies the allegations of paragraphs 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

17.     Answering defendant denies the allegations of paragraph 48 of the complaint.

18.     Answering defendant deny the allegations of paragraph 49 and refers all questions of law to the court.

## AS TO PLAINTIFFS' FIRST CAUSE OF ACTION:

19.     In response to paragraph 50 of the complaint, answering defendant repeats and realleges paragraphs 1 through 18 of this answer as if fully set forth herein.

20.     Answering defendant denies the allegations of paragraphs 51, 52, 53 and 54 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

21.     Answering defendant denies the allegations of paragraphs 55, 56, 57 and 58 of the complaint.

22.     Answering defendant denies the allegations of paragraphs 59, 60 and 61 of the complaint and refers all questions of law to the court.

23.     Answering defendant denies the allegations of paragraph 62 of the complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

24.     In response to paragraph 63 of the complaint, answering defendant repeats and realleges paragraphs 1 through 23 of this answer as if fully set forth herein.

25.     Answering defendant denies the allegations of paragraphs 64 and 65 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

26.     Answering defendant denies the allegations of paragraph 66 of the complaint and refers all questions of law to the court.

27.     Answering defendant denies the allegations of paragraph 67 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

28.     Answering defendant denies the allegations of paragraphs 68 and 69 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

29.     Answering defendant denies the allegations of paragraphs 70 and 71 of the complaint.

30.     Answering defendant denies the allegations of paragraphs 72, 73 and 74 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

31.     Answering defendant denies the allegations of paragraph 75 of the complaint.

## AS TO PLAINTIFFS' THIRD CAUSE OF ACTION:

32.     In response to paragraph 76 of the complaint, answering defendant repeats and realleges paragraphs 1 through 31 of this answer as if fully set forth herein.

33.     Answering defendants deny the allegations of paragraphs 77 and 78 of the complaint

for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

34. Answering defendant denies the allegations of paragraph 79 of the complaint and refers all questions of law to the court.

35. Answering defendant denies the allegations of paragraph 80 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

36. Answering defendant denies the allegations of paragraphs 81 and 82 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

37. Answering defendant denies the allegations of paragraphs 83 and 84 of the complaint.

38. Answering defendant denies the allegations of paragraphs 85, 86 and 87 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

39. Answering defendant denies the allegations of paragraph 88 of the complaint.

### AS TO PLAINTIFFS' FOURTH CAUSE OF ACTION:

40. In response to paragraph 89 of the complaint, answering defendant repeats and realleges paragraphs 1 through 39 of this answer as if fully set forth herein.

41. Answering defendant denies the allegations of paragraphs 90 and 91 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

42. Answering defendant denies the allegations of paragraph 92 of the complaint and refers all questions of law to the court.

43. Answering defendant denies the allegations of paragraph 93 of the complaint for want

of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

44. Answering defendant denies the allegations of paragraphs 94 and 95 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

45. Answering defendant denies the allegations of paragraphs 96 and 97 of the complaint.

46. Answering defendant denies the allegations of paragraphs 98, 99 and 100 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

47. Answering defendant denies the allegations of paragraph 101 of the complaint.

## AS TO PLAINTIFFS' FIFTH CAUSE OF ACTION:

48. In response to paragraph 102 of the complaint, answering defendant repeats and realleges paragraphs 1 through 47 of this answer as if fully set forth herein.

49. Answering defendant denies the allegations of paragraphs 103 and 104 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

50. Answering defendant denies the allegations of paragraph 105 of the complaint and refers all questions of law to the court.

51. Answering defendant denies the allegations of paragraph 106 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

52. Answering defendant denies the allegations of paragraphs 107 and 108 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

53. Answering defendant denies the allegations of paragraphs 109 and 110 of the

complaint.

54.     Answering defendant denies the allegations of paragraphs 111, 112 and 113 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

55.     Answering defendant denies the allegations of paragraph 114 of the complaint.

## AS TO PLAINTIFFS' SIXTH CAUSE OF ACTION:

56.     In response to paragraph 115 of the complaint, answering defendant repeats and realleges paragraphs 1 through 55 of this answer as if fully set forth herein.

57.     Answering defendant denies the allegations of paragraphs 116 and 117 of the complaint as if fully set forth herein and refers all questions of law to the court.

58.     Answering defendant denies the allegations of paragraph 118 of the complaint and refers all questions of law to the court.

59.     Answering defendant denies the allegations of paragraph 119 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

60.     Answering defendant denies the allegations of paragraphs 120 and 121 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

61.     Answering defendant denies the allegations of paragraphs 122 and 123 of the complaint.

62.     Answering defendant denies the allegations of paragraphs 124, 125 and 126 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

63.     Answering defendant denies the allegations of paragraph 127 of the complaint.

## AS TO PLAINTIFFS' SEVENTH CAUSE OF ACTION:

64.     In response to paragraph 128 of the complaint, answering defendant repeats and realleges paragraphs 1 through 63 of this answer as if fully set forth herein.

65.     Answering defendant denies the allegations of paragraphs 129 and 130 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

66.     Answering defendant denies the allegations of paragraph 131 of the complaint and refers all questions of law to the court.

67.     Answering defendant denies the allegations of paragraph 132 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof and refers all questions of law to the court.

68.     Answering defendant denies the allegations of paragraphs 133 and 134 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

69.     Answering defendant denies the allegations of paragraphs 135 and 136 of the complaint.

70.     Answering defendant denies the allegations of paragraphs 137, 138 and 139 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

71.     Answering defendant denies the allegations of paragraph 140 of the complaint.

## AS TO PLAINTIFFS' EIGHTH CAUSE OF ACTION:

72.     In response to paragraph 141 of the complaint, answering defendant repeats and realleges paragraphs 1 through 71 of this answer as if fully set forth herein.

73.     Answering defendant denies the allegations of paragraphs 142, 143 and 144 of the complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

74.     Answering defendant denies the allegations of paragraph 145 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

75.     The complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

76.     Upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified in whole or in part, from collateral sources, and answering defendant is entitled to have the court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

77.     Whatever injuries plaintiff may have sustained were caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the plaintiff, third party, or by someone over whom the answering defendant had no control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

78.     If answering defendant is found to be liable to the plaintiff for the injuries alleged in the complaint herein, its respective liability is 50% or less of the total liability assigned to all persons liable.

79.     By reason thereof, the liability of answering defendant to plaintiff for non-economic loss shall not exceed answering defendant's equitable share of liability determined in accordance

with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

80.     In the event of settlement by any joint tortfeasor, answering defendant is entitled to the full benefit of General Obligations Law §15-108, such that the claim by the plaintiff shall be reduced to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under CPLR Article 14 and Article 14(a), whichever is the greatest.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

81.     Should plaintiffs be entitled to recover for damages that have been alleged in their Complaint, any such recovery must be reduced to the extent that plaintiffs failed to mitigate, minimize, or avoid the alleged damages.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS, DENTCO INC., DENTCO ENTERPRISES, INC., STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, and B. SAILING SITE & LANDSCAPE CONTRACTOR INC., ANSWERING DEFENDANT, DOLLAR TREE STORES, INC., ALLEGES:

82.     Any injuries or damages sustained by the plaintiff herein as a result of the alleged incident described in plaintiffs' complaint were sustained in whole or in part by reason of the negligence and culpable conduct of co-defendants, Dentco, Inc., Dent Enterprises, Inc., Steven M. Sailing d/b/a B. Sailing Site & Landscape Contractor, and B. Sailing Site & Landscape Contractor Inc.

83.     If the answering defendant was negligence and/or culpable as alleged in plaintiffs'

complaint, its negligence and/or culpable was passive to, secondary to, derivative to, partial to or

lesser than the act of primary, direct and greater negligence and/or culpable conduct on the part of

co-defendants, Dentco, Inc., Dent Enterprises, Inc., Steven M. Sailing d/b/a B. Sailing Site &

Landscape Contractor, and B. Sailing Site & Landscape Contractor Inc.

84.     If it is determined that the answering defendant is liable in any degree to the plaintiff,

the answering defendant is entitled to have the liability apportioned among and between the

defendants.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, DENTCO INC. AND DENTCO ENTERPRISES, INC., ANSWERING DEFENDANT, DOLLAR TREE STORES, INC., ALLEGES:

85.     In or about May, 2008 the co-defendant, Dent Enterprises, Inc. and/or the co-

defendant, Dentco Inc., entered into a service agreement with answering defendant, Dollar Tree

Stores, Inc.

86.     Upon information and belief, the contract requires co-defendant, Dent Enterprises,

Inc. and/or co-defendant, Dentco, Inc. to defend, indemnify and hold answering defendant harmless

for the claims asserted by plaintiffs in this lawsuit.

87.     Upon information and belief, to date co-defendants have not agreed to defend,

indemnify or hold answering defendant harmless despite the defense of this matter being tendered

to them.

88.     Based on the foregoing, co-defendants have breached the terms of the contract.

89.     That if the plaintiff was caused to sustain said alleged injuries at the time and place

mentioned in her complaint due to any carelessness and/or negligence, and in the event that any

judgment is recovered herein by the plaintiff against the answering defendant, and thus answering defendant is damaged by thereby, then the co-defendants Dent Enterprise, Inc. and Dentco, Inc., will be responsible by virtue of the terms, covenants, warranties and causes contained in the aforesaid agreement.

90.     By reason of the foregoing, the co-defendants Dent Enterprises, Inc. and Dentco, Inc., will be liable to the answering defendant and bound to indemnify the answering defendant in the event of a recovery herein by the plaintiff against the answering defendant in the amount of any such recover, as well as any and all attorneys' fees, costs of investigation and disbursements.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS, DENTCO INC. AND DENTCO ENTERPRISES, INC., ANSWERING DEFENDANT, DOLLAR TREE STORES, INC., ALLEGES:

91.     In or about May, 2008 the co-defendant, Dent Enterprises, Inc. and/or the co-defendant, Dentco Inc., entered into a service agreement with answering defendant, Dollar Tree Stores, Inc.

92.     That pursuant to the aforesaid agreement between answering defendant and co-defendant, Dent Enterprises, Inc. and/or co-defendant, Dentco Inc., the co-defendant(s) was to procure and maintain insurance on its own behalf and in the name of the answering defendant as an additional insured of said insurance policy providing comprehensive general liability insurance. Such insurance was to be obtained prior to the commencement of any work under the aforesaid contract and/or agreements at the third-party defendant's own expense.

93.     That upon information and belief the co-defendant Dent Enterprises, Inc. and/or co-defendant, Dentco Inc., failed and neglected to obtain such insurance naming the answering defendant as an additional insured, thereby breaching its contract with the answering defendant.

94.     That as a result of the co-defendants' breach of the aforementioned contract, the answering defendant will be damaged by reason of said breach for the fully amount of any recovery by the plaintiffs herein.

95.     That if the plaintiffs shall recover any sum in this action for alleged injuries against answering defendant, then the co-defendant Dent Enterprises, Inc. and/or co-defendant, Dentco Inc., shall be liable to the answering defendant for all of said sum as a result of co-defendants' breach of contract and the terms thereof, and for any and all attorneys' fees, costs and disbursements of their action.

**WHEREFORE,** answering defendant demands judgment dismissing the complaint of the plaintiffs herein with costs and further demands judgment pursuant to CPLR 3019(b) and CPLR Article 14 that the ultimate rights of the answering defendant and the defendants, Dentco Inc., Dent Enterprises, Inc., Steven M. Sailing d/b/a B. Sailing Site & Landscape Contractor, and B. Sailing Site & Landscape Contractor Inc., be determined as between themselves and the answering defendant have judgment over and against the defendants, Dentco Inc., Dent Enterprises, Inc., Steven M. Sailing d/b/a B. Sailing Site & Landscape Contractor, and B. Sailing Site & Landscape Contractor Inc., for indemnification and/or contribution, in whole or in part, for the amount of any sum which may be recovered herein against the answering defendant, together with attorneys' fees and the costs and disbursements of this action.

DATED:     April 15, 2014

Yours, etc.,

O'CONNOR, O'CONNOR, BRESEE
& FIRST, P.C.

By _____
        BRIAN P. KRZYKOWSKI
Attorneys for Defendant, Dollar Tree
Stores, Inc.
Office and P.O. Address
20 Corporate Woods Boulevard
Albany, New York 12211

TO:     John T. Loss, Esq.
        CONNORS & VILARDO, LLP
        Attorneys for Plaintiffs
        1000 Liberty Building
        424 Main Street
        Buffalo, New York 14202

CC:     V. Christopher Potenza, Esq.
        HURWITZ & FINE, P.C.
        Attorneys for Defendants
        STEVEN M. SAILING d/b/a STEVEN M.
        SAILING SITE & LANDSCAPING CONTRACTOR and
        B. SAILING SITE & LANDSCAPING CONTRACTOR, INC.,
        1300 Liberty Building
        Buffalo, New York 14202
        (716) 855-0874

        James J. Nash
        COHEN & LOMBARDO , P.C.
        Attorneys for Defendants
        DENTCO INC. and
        DENT ENTERPRISES, INC.
        343 Elmwood Avenue
        P.O. Box 5204
        Buffalo, New York 14213-5204
        (716) 881-3010

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

MARK SMUKALL and DIANE SMUKALL,

                    *Plaintiffs,*

vs.

DOLLAR TREE STORES, INC.,
DENTCO INC.,
DENT ENTERPRISES, INC.,
STEVEN M. SAILING d/b/a STEVEN M.
SAILING SITE & LANDSCAPING CONTRACTOR,
B. SAILING SITE & LANDSCAPING CONTRACTOR, INC.,
PANERA LLC, and
RARIDUN RAMHIMZADEH,

                    *Defendants.*

**ANSWER**

Index No. 2013-520

Defendants DENTCO INC. and DENT ENTERPRISES, INC., by and through their attorneys, COHEN & LOMBARDO, P.C., as and for their answer to plaintiffs' Complaint, allege:

1.    ADMIT the allegations contained in paragraph 4 of plaintiffs' Complaint.

2.    DENY the allegations contained in paragraphs 3, 15, 16, 17, 18, 19, 21, 22, 34, 49, 68, 69, 70, 71, 72, 73, 74, 75, 81, 82, 83, 84, 85, 86, 87 and 88 of plaintiffs' Complaint.

3.    DENY that they have knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 20, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 77, 78, 79, 80, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 140, 142, 143, 144 and 145 of plaintiffs' Complaint.

4.    Answering paragraphs 50, 63, 76, 89, 102, 115, 128 and 141 plaintiffs' Complaint, these answering defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with same force and effect as though fully set forth herein.

5.    That these answering defendants DENY each and every allegation herein not heretofore admitted or controverted.

### AS AND FOR A FIRST DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

6.    That these answering defendants are not subject to the jurisdiction of this Court as they were never properly served.

### AS AND FOR A SECOND DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

7.    That at the time and place set forth in the Complaint, plaintiff assumed the risk incidental to the activity that he was engaged in at the time, and that plaintiff was, therefore, not owed any duty by these defendants.

### AS AND FOR A THIRD DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

8.    That whatever injuries plaintiff may have sustained as alleged in the Complaint herein were proximately caused, in whole or in part, by the culpable conduct, including comparative negligence and assumption of risk, of plaintiff.

### AS AND FOR A FOURTH DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

9.   That the culpable conduct of the plaintiff, if not the sole cause of the damages sustained in the accident alleged in the Complaint, contributed thereto, and any damages otherwise recoverable in this action shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused such damages.

### AS AND FOR A FIFTH DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

10.   Pursuant to CPLR Article 16, in the event that these answering defendants are found liable to plaintiff by virtue of the matters alleged in the Complaint and such liability is determined to be fifty percent or less of the total culpability of all persons liable, then the liability of these answering defendants for non-economic loss shall not exceed their equitable share of the total liability.

### AS AND FOR A SIXTH DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

11.   That these answering defendants deny any responsibility on their part, but if such liability is established, then such liability will be insufficient to impose liability upon these answering defendants for more than its proportionate share.

### AS AND FOR A SEVENTH DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

12.   Should plaintiffs be entitled to recover for damages that have been alleged in thier Complaint, any such recovery must be reduced to the extent that plaintiffs failed to mitigate, minimize, or avoid the alleged damages.

## AS AND FOR A EIGHTH DEFENSE,
## THESE ANSWERING DEFENDANTS ALLEGE:

13.     In the event that plaintiffs recover damages which have been paid and are payable by a collateral source, these answering defendants will seek to offset such damages pursuant to Article 45 of the CPLR.

## AS AND FOR A NINTH DEFENSE,
## AND BY WAY OF A CROSS-CLAIM AGAINST CO-DEFENDANTS DOLLAR TREE STORES, INC., STEVEN M. SAILING d/b/a STEVEN M. SAILING SITE & LANDSCAPING CONTRACTOR, B. SAILING SITE & LANDSCAPING CONTRACTOR, INC., PANERA LLC AND RARIDUN RAMHIMZADEH, THESE ANSWERING DEFENDANTS ALLEGE:

14.     That if plaintiffs sustained injury and damage as alleged in the Complaint by reason of fault other than their own, and judgment is recovered against these answering defendants, then the liability of said defendants will have been brought about by reason of the primary culpable conduct of co-defendant DOLLAR TREE STORES, INC., STEVEN M. SAILING d/b/a STEVEN M. SAILING SITE & LANDSCAPING CONTRACTOR, B. SAILING SITE & LANDSCAPING CONTRACTOR, INC., PANERA LLC, and RARIDUN RAMHIMZADEH, without any such culpable conduct on the part of these answering defendants who are thereby entitled to indemnity for all or part of any such judgment (including contractual indemnification) and in such amount as shall be determined ultimately at the trial of this action.

WHEREFORE, defendants DENTCO INC. and DENT ENTERPRISES, INC demand judgment dismissing the Complaint, that the damages be diminished in the proportion that the culpable conduct and contributory negligence attributable to plaintiff bears to the culpable conduct and negligence which caused such damages, judgment on its cross-claim, together with the costs and disbursements of this action, and any other and additional relief as to the Court may seem just and proper.

DATED:    Buffalo, New York
             May 23, 2013                **COHEN & LOMBARDO, P.C.**

                                        James J. Nash
                                        *Attorneys for Defendants*
                                        DENTCO INC. and
                                        DENT ENTERPRISES, INC.
                                        343 Elmwood Avenue
                                        P.O. Box 5204
                                        Buffalo, New York 14213-5204
                                        (716) 881-3010

TO:     John T. Loss, Esq.
        **CONNORS & VILARDO, LLP**
        *Attorneys for Plaintiffs*
        1000 Liberty Building
        424 Main Street
        (716) 852-5533

        Brian P. Krzykowski, Esq.
        **O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C.**
        *Attorneys for Defendants*
        DOLLAR TREE STORES, INC. and
        PANERA LLC
        20 Corporate Woods Boulevard
        Albany, New York 12211
        (518) 465-0400

        V. Christopher Potenza, Esq.
        **HURWITZ & FINE, P.C.**
        *Attorneys for Defendants*
        STEVEN M. SAILING d/b/a STEVEN M.
        SAILING SITE & LANDSCAPING CONTRACTOR and
        B. SAILING SITE & LANDSCAPING CONTRACTOR, INC.,
        1300 Liberty Building
        Buffalo, New York 14202
        (716) 855-0874

        Counsel for RARIDUN RAMHIMZADEH

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

MARK SMUKALL and
DIANE SMUKALL,

                              Plaintiffs,

       vs.

DOLLAR TREE STORES, INC.,
DENTCO INC.,
DENT ENTERPRISES, INC.,
STEVEN M. SAILING
 d/b/a B. SAILING SITE &
 LANDSCAPE CONTRACTOR,
B. SAILING SITE &
LANDSCAPE CONTRACTOR INC.,
PANERA LLC, and
FARIDUN RAHIMZADEH,

                         Defendants.

**ANSWER**

Index No.: 2013-0520

---

        The defendants, STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, and B. SAILING SITE & LANDSCAPE CONTRACTOR INC., hereinafter referred to as these defendants, by their attorneys, HURWITZ & FINE, P.C., as and for an Answer to the Complaint of the plaintiffs, MARK SMUKALL and DIANE SMUKALL, herein states the following:

        1.     Admit the allegations contained in paragraph 5.

        2.     Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 28, 29, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 48.

        3.     Deny the allegations contained in paragraphs, 6, 24, 25, 26, 27, 30, 31, 32, 33, 34, and 35.

4.   Unable to set forth an answer with respect to paragraph 49, as it calls for a legal conclusion.   However, insofar as this defendant is required to answer, it denies the allegations set forth in paragraph 49.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION:

5.   As and for an answer to paragraph 50, these defendants repeat and reallege their answers to paragraphs 1 through 49 with the same force and effect as if fully set forth herein.

6.   Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61 and 62.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION:

7.   As and for an answer to paragraph 63 these defendants repeat and reallege their answers to paragraphs 1 through 62 with the same force and effect as if fully set forth herein.

8.   Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74 and 75.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION:

9.   As and for an answer to paragraph 76, these defendants repeat and reallege their answers to paragraphs 1 through 75 with the same force and effect as if fully set forth herein.

10.   Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87 and 88.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION:

11.     As and for an answer to 89, these defendants repeat and reallege their answers to paragraphs 1 through 88 with the same force and effect as if fully set forth herein.

12.     Deny the allegations contained in paragraphs 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100 and 101.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION:

13.     As and for an answer to paragraph 102, these defendants repeat and reallege their answers to paragraphs 1 through 101 with the same force and effect as if fully set forth herein.

14.     Deny the allegations contained in paragraphs 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113 and 114.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION:

15.     As and for an answer to paragraph 115, these defendants repeat and reallege their answers to paragraphs 1 through 114 with the same force and effect as if fully set forth herein.

16.     Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 127.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

17.     As and for an answer to paragraph 128, these defendants repeat and reallege their answer to paragraphs 1 through 127 with the same force and effect as if fully set forth herein.

18.     Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139 and 140.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

19.    As and for an answer to paragraph 141, these defendants repeat and reallege their answer to paragraphs 1 through 140 with the same force and effect as if fully set forth herein.

20.    Deny having knowledge or information to form a belief as to the allegations contained in paragraphs 142 and 143.

21.    Deny the allegations contained in paragraphs 144 and 145.

22.    Deny each and every other allegation in all causes of action not heretofore controverted.

> AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

23.    The injuries and/or damages alleged in the plaintiff's complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the plaintiff and without negligence or want of care on the part of these answering defendants.

> AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THESE DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

24.    If these answering defendants are found liable to plaintiff, their responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by plaintiff for non-economic loss against this answering defendant should be limited to its percentage of liability.

AS AND FOR A THIRD, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMATION
AND BELIEF:

25.   The plaintiff's complaint fails to state a cause of action.

AS AND FOR A FOURTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMATION
AND BELIEF:

26.   Plaintiff has failed to comply with CPLR §§305, 306a and 306b.

AS AND FOR A FIFTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMATION
AND BELIEF:

27.   The Court does not have jurisdiction over the persons of these answering

defendants.

AS AND FOR A SIXTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMATION
AND BELIEF:

28.   The plaintiff's action is barred by the applicable status of limitations.

AS AND FOR A SEVENTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMATION
AND BELIEF:

29.   The plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of these defendants.

> AS AND FOR AN EIGHTH, SEPARATE AND
> COMPLETE AFFIRMATIVE DEFENSE, THESE
> DEFENDANTS ALLEGE, UPON INFORMATION
> AND BELIEF:

30.     In the event a verdict or decision is rendered in favor of plaintiff against these answering defendants, said defendants are entitled to limitations on liability as set forth in Article 16 of the CPLR.

> AS AND FOR A NINTH, SEPARATE AND
> COMPLETE AFFIRMATIVE DEFENSE, THESE
> DEFENDANTS ALLEGE UPON INFORMATION
> AND BELIEF:

31.     That in pursuant to §4545 and other applicable sections of the CPLR, these defendants are entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

> AS AND FOR A TENTH, SEPARATE AN
> COMPLETE AFFIRMATIVE DEFENSE, THESE
> DEFENDANTS ALLEGE, UPON INFORMATION
> AND BELIEF:

32.     That in the event there has been a settlement between the plaintiff and any joint tortfeasor, then these defendants hereby plead and seek the full benefit of §15-108 of the General Obligations Law, that plaintiff's claim against these defendants be reduced to the fullest extent permitted by §15108 of the General Obligations Law.

> AS AND FOR AN ELEVENTH, SEPARATE AND
> COMPLETE AFFIRMATIVE DEFENSE, THESE
> DEFENDANTS ALLEGE, UPON INFORMATION
> AND BELIEF:

33.     Plaintiff has failed to mitigate his damages.

AS AND FOR A TWELFTH, SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE, THESE
DEFENDANTS ALLEGE, UPON INFORMAITON
AND BELIEF:

34.     These Defendants owed no duty of care to the Plaintiff.

**AS AND FOR A CROSS-CLAIM AGAINST THE
CO-DEFENDANTS, DOLLAR TREE STORES,
INC., DENTCO INC., DENT ENTERPRISES, INC.,
PANERA LLC, AND FARIDUN RAHIMZADEH,
THESE DEFENDANTS, ALLEGE, UPON,
INFORMATION AND BELIEF:**

35.     If the defendants are found liable to the plaintiff, the defendants allege that

such liability was caused in whole or in part or contributed to by the culpable conduct and/or

negligence of the co-defendants, DOLLAR TREE STORES, INC., DENTCO INC., DENT

ENTERPRISES, INC., PANERA LLC, and FARIDUN RAHIMZADEH, and, therefore, the

defendants will be entitled to indemnification or contribution and judgment over and against said

co-defendants, DOLLAR TREE STORES, INC., DENTCO INC., DENT ENTERPRISES, INC.,

PANERA LLC, and FARIDUN RAHIMZADEH, for the full amount of said liability or for such

proportionate share as represents the amount, degree and kind of culpable conduct attributable to

it.

**WHEREFORE**, these defendants, demand judgment as follows:

1.      Dismissing the amended complaint herein; or

2.      Determining the ultimate rights and responsibilities among the parties,

including the culpable conduct of the plaintiff and that of any tortfeasor jointly liable and further

demands that if plaintiff recovers judgment against this answering defendant, the amount of

damages be diminished in the proportion which the culpable conduct attributable to plaintiff

bears to the culpable conduct which caused the damage; and

3. Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk and want of care bears to the culpable conduct which caused the plaintiff's damages; and

4. Determining the ultimate rights and responsibilities among the defendants in this action and for the defendants STEVEN M. SAILING d/b/a B. SAILING SITE & LANDSCAPE CONTRACTOR, and B. SAILING SITE & LANDSCAPE CONTRACTOR INC., to have judgment over and against the co-defendants, DOLLAR TREE STORES, INC., DENTCO INC., DENT ENTERPRISES, INC., PANERA LLC, and FARIDUN RAHIMZADEH, including costs, disbursements and interest, or for such proportionate share as represents the amount, degree or kind of culpable conduct attributable to the other defendant, and

5. Limiting plaintiff's recovery for non-economic loss against the defendants to the percentage of responsibility attributed to this defendant, if that percentage is less than fifty-one (51%) percent; and

6. Such other and further relief as to this court may seem just proper and equitable, together with the costs and disbursements of this action.

DATED:     Buffalo, New York
           May 3, 2013

HURWITZ & FINE, P.C.

V. Christopher Potenza
Attorneys for Defendants,
STEVEN M. SAILING d/b/a
B. SAILING SITE & LANDSCAPE
CONTRACTOR and B. SAILING SITE
& LANDSCAPE CONTRACTOR INC.
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900

TO:     JOHN T. LOSS, ESQ.
        CONNORS & VILARDO, LLP
        Attorneys for Plaintiffs
        1000 Liberty Building
        424 Main Street
        Buffalo, New York 14202
        (716) 852-5533

        Counsel for Defendant,
        DOLLAR TREE STORES
        As They May Appear

        Counsel for Defendant,
        DENTCO INC.
        As They May Appear

        Counsel for Defendant,
        DENT ENTERPRISES, INC.
        As They May Appear

        Counsel for Defendant,
        PANERA LLC
        As They May Appear

        Counsel for Defendant,
        FARIDUN RAHIMZADEH
        As They May Appear

HURWITZ & FINE, P. C.
300 LIBERTY BUILDING
BUFFALO, NY 14202